**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY LOPEZ, ) | |
| ) | Case No. 25 CV 457 |
| Plaintiff, ) | |
| v. ) | Hon. John J. Tharp, Jr. |
| ) | |
| ILLINOIS DEPARTMENT OF HEALTHCARE ) | |
| AND FAMILY SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COME the Defendants, the Illinois Department of Children and Family Services (DCFS or IDCFS) and Heidi Mueller, Director of the Illinois Department of Children and Family Services, by their attorney, Kwame Raoul, Attorney General for the State of Illinois, and pursuant to Fed. R. Civ. P. 12(b)(6) move this Court to dismiss this action. DCFS and Director Mueller are not proper parties in this matter; it appears from the Complaint that Plaintiff has mistaken DCFS for the Department of Child Support Services (DCSS). (Doc. 6). Even if DCFS and Director Mueller were the intended defendants, the Eleventh Amendment bars this action.

1. The Illinois Department of Healthcare and Family Services, Division of Child Support Services (HFS – DCSS or IDHFS – DCSS), is the state agency responsible for the administration of child support services in Illinois. *See* Illinois Child Support (last visited Mar. 20, 2025).

2. The Illinois Department of Children and Family Services is the state agency created by the Illinois Children and Family Services Act: "[t]he purpose of this Act is to create a Department of Children and Family Services to provide social services to children and their

families, to operate children's institutions, and to provide certain other rehabilitative and residential services as enumerated in this Act." 20 ILCS 505/1.

3. Heidi Mueller is the Director of DCFS. *See* [DCFS Director Heidi E. Mueller Biography](last visited Mar. 20, 2025).

4. Plaintiff alleges that her professional licenses were suspended by the Illinois Department of Healthcare and Family Services (IDHFS) and the Illinois Department of Financial and Professional Regulation (IDFPR) due to non-payment of child support and brings this action under § 1983 to seek redress.

5. Plaintiff's Complaint references Exhibit A as "the correspondences between the Plaintiff and IDHFS and IDCFS." However, Exhibit A consists of emails between Plaintiff and the email address hfs.dcssenforcementservices@illinois.gov, which is signed by a Child Support Services worker. No correspondence with anyone from the Department of Children and Family Services (IDCFS) is attached to the Complaint.

6. The only mentions of DCFS in the Complaint are in the caption, in a list of parties, and (erroneously) as the source website for a statement about child support enforcement on the [HFS Child Support Website](last visited Mar. 20, 2025). Complaint at pp. 1, 2, and 5.

7. Director Mueller is mentioned in the Complaint only in the caption and a list of the parties. Complaint at pp. 1 and 2.

8. A state agency is limited to its statutory authority. "An administrative agency is a statutory creation and may not act outside the scope of its statutory authority." *Holloway v. Meyer*, 311 Ill. App.3d 818, 823 (Ill. App. 2d Dist. 2000). The authority of DCFS is limited to those powers granted to it by the legislature in its enabling statute. *Julie Q. v. Dep't of Children and Family Servs.*, 995 N.E.2d 977, 982 (Ill. S. Ct. 2013).

9. DCFS and Director Mueller have no connection to or authority over HFS or DCSS.

10. Plaintiff's alleged injury is not causally connected to DCFS or to DCFS Director Mueller. *See Feehan v. Wisconsin Elections Comm'n,* 506 F. Supp. 3d 596, 606 (E.D. Wis. 2020). DCFS and Director Mueller are mistakenly named in this action and should be dismissed.

11. Even if DCFS and Director Mueller were the intended defendants, the Eleventh Amendment would bar the suit. "[I]f properly raised, the [A]mendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Driftless Area Land Conservancy v. Valcq,* 16 F.4th 508, 520 (7th Cir. 2021) (citation omitted).

12. The Eleventh Amendment generally immunizes a state or a state official against suit in federal court. But, even before analyzing the Eleventh Amendment bar, a plaintiff must name "a state official who has 'some connection with the enforcement' of an allegedly unconstitutional state statute for the purpose of enjoining that enforcement." *Doe v. Holcomb*, 883 F.3d 971, 975 (7th Cir. 2018), *quoting Ex parte Young*, 209 U.S. 123, 157 (1908).

13. DCFS and Director Mueller have no connection with and play no role in the enforcement of child support or the suspension of Plaintiff's professional licenses.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Honorable Court grant their motion to dismiss Plaintiff's Complaint.

Dated: March 20, 2025                                        Respectfully submitted,

Barbara L. Greenspan                             By:    *s/Barbara L. Greenspan*
Assistant Attorney General                                  Barbara L. Greenspan
115 S. LaSalle St.                                                   *Attorney for Defendants*
Chicago, Illinois 60603
Tel: (312) 814-7087
E-mail: Barbara.Greenspan@illinois.gov

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, deposes and states that a copy of the attached **Defendants' Motion to Dismiss Plaintiff's Complaint** was served upon parties of record by electronic filing this March 20, 2025.

                                                   s/ Barbara L. Greenspan
                                                           Attorney