IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY LOPEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ILLINOIS DEPARTMENT OF )<br>HEALTCHARE AND FAMILY )<br>SERVICES, *et al.*, )<br>)<br>Defendants. ) | No. 25 CV 457<br><br>Hon. John J. Tharp, Jr. |

**DEFENDANT RAOUL'S MEMORANDUM IN SUPPORT OF HIS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

*Pro Se* Plaintiff Kimberly Lopez is a litigant in state court child custody and child support proceedings.[1] Her Illinois professional nursing licenses have been suspended as part of state child support enforcement efforts. Plaintiff brings suit against the Illinois Department of Healthcare and Family Services ("IDHFS"), the Illinois Department of Financial and Professional Regulation ("IDFPR"), the Illinois Department of Children and Family Services ("IDCFS"), the acting director of each of these state agencies, and Illinois Attorney General Kwame Raoul, alleging that they violated her civil rights under 42 U.S.C. § 1983. Plaintiff brings claims under the Fourteenth Amendment for due process (Count I) and equal protection (Count II), and a claim under 28 U.S.C.

---

[1] See *Kimberly Lopez v. Kubalanza, et al.*, No. 24-cv-13340 (N.D.Ill.), Kennelly, J. presiding (alleging ADA and civil rights violations in her Cook County Circuit Court child custody proceedings).

1

§§ 2201-2202 for declaratory judgment (Count III).[2] Plaintiff seeks as relief a declaratory judgment that Defendants' actions violated her rights, injunctive relief in the form of reinstating Plaintiff's professional licenses, compensatory and punitive damages, and attorney's fees and costs. Plaintiff's claims fail for multiple reasons.

Plaintiff's Complaint against Defendant Raoul[3] should be dismissed for several reasons. *First*, because Plaintiff's claims focus on her state court child support enforcement actions, the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, and the domestic relations exception bar this court from exercising jurisdiction over Plaintiff's claims. *Second*, Plaintiff's official capacity claim against Defendant Raoul is barred by the Eleventh Amendment.[4] *Third*, to the extent that Plaintiff intends to sue Defendant Raoul in his individual capacity, the Complaint fails because it does not allege his personal involvement, as required by Section 1983. *Fourth,* Plaintiff fails to allege viable due process, equal protection, Eighth Amendment, or Sixth Amendment claims. As such, Plaintiff's Complaint fails to state a valid claim against Defendant Raoul and should be dismissed accordingly.

## **ARGUMENT**

As set forth below, Plaintiff's claims against Attorney General Raoul should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) requires the

---

[2] Although not listed as separate counts, the Complaint also references the Excessive Fines provision of the Eighth Amendment, ECF 1 at ¶¶ 1, 9, 12, and 14(a); the Sixth Amendment right to counsel, *id.* at ¶¶ 1, 10, 12; and a procedural due process "stigma plus" claim. *Id.* at ECF 1 at ¶¶ 15, 21.

[3] The U.S. Marshals mailed an envelope addressed to "Illinois Attorney General" to the Illinois Attorney General's Springfield office address containing a copy of the complaint and summonses for all defendants. **Exhibit A.** As an initial matter, mailing a copy of a complaint without a waiver of service of summons is not proper service under Federal Rule of Civil Procedure 4. More importantly, proper service on three state agencies and their acting directors is not effectuated by mailing the complaint to the Illinois Attorney General, whether or not waivers of service of summons were included.

[4] Plaintiff's claims against defendants IDHFS, IDFPR, and IDCFS and their acting directors in their official capacities are similarly barred by the Eleventh Amendment.

Court to dismiss any claim over which it lacks subject matter jurisdiction. If a defendant challenges jurisdiction, the plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Center for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power over a claim, and a federal court must assure itself that it possesses subject matter jurisdiction over a case before it proceeds to the merits. *See Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. A complaint may be dismissed if the plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A sufficient complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and be supported by factual content, because "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must "draw on its judicial experience and common sense" to determine if the plaintiff has stated a plausible claim for relief. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), *quoting Iqbal,* 556 U.S. at 678.

Even under the more lenient pleading standard provided to *pro se* litigants, if the facts as alleged in a complaint fail to state a plausible cause of action, then the cause should be dismissed. *Rufus v. City of Chicago*, No. 18 C 7753, 2021 U.S. Dist. LEXIS 53364, at *5 (N.D. Ill. Mar. 22, 2021); *Jones v. Saint Mary's Hospital*, No. 3:17-cv-00060, 2017 U.S. Dist. LEXIS 227115, at *2 (S.D. Ind. Apr. 25, 2017). "While courts construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers, the court need not credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Rufus*, 2021 U.S. Dist. LEXIS 53364, at *5.

3

### I. PLAINTIFF'S CLAIMS ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE.

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, "an important foundation for the division of power between federal and state courts." *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023). "The doctrine imposes a 'jurisdictional bar' that prohibits federal courts other than the Supreme Court of the United States from reviewing final state court judgments." *Id.*, citing *Andrade v. City of Hammond*, 9 F.4th 947, 948 (7th Cir. 2021). *Rooker-Feldman* bars direct challenges to state court judgments as well as claims that are "inextricably intertwined with one." *Id.* Here, Plaintiff's claims center on state-court child support proceedings. *See* ECF No. 1 at ¶ ¶ 8-9. Plaintiff also attaches the docket and several orders from her state court child custody proceedings. To the extent Plaintiff seeks relief from any state court judgment or complains of actions or omissions inextricably intertwined with a state court judgment, this Court has no jurisdiction to review decisions of the state court civil proceedings and Plaintiff's claims should be dismissed. *Exxon Mobil Corp.,* 544 U.S. 280, 284 (2005); *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010).

### II. PLAINTIFF'S CLAIMS ARE BARRED BY THE *YOUNGER* ABSTENTION DOCTRINE.

Alternatively, this Court should decline to hear Plaintiff's claims pursuant to the *Younger* doctrine. A federal court should apply the *Younger* abstention doctrine when there is a parallel, pending state court proceeding and federal court rulings would implicate the State's interest in enforcing its own state court orders and judgments. *See Sprint Comm. Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). Originally, *Younger* required federal court abstention only when there was a parallel, pending state criminal proceeding. *Id.*, at 72. The Supreme Court, however, has extended federal

abstention to civil proceedings that implicate a state's interest in compelling and enforcing compliance with its own civil orders or judgments. *Id.* at 72-73; *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987). This would include not only civil enforcement proceedings, but also "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 73. This is applicable in Plaintiff's case, where there remains the potential for future proceedings so long as Plaintiff owes child support or challenges a child support order. Indeed, as Plaintiff alleges, child support enforcement proceedings continue against Plaintiff. Federal interference with these parallel state court proceedings and enforcement actions is precisely what the *Younger* doctrine is intended to prevent.

Further, principles of comity, equity, and federalism suggest that it is proper for this Court to abstain from exercising jurisdiction over Plaintiff's claim. *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021) (abstaining from exercising jurisdiction even when *Younger*, *Rooker-Feldman*, *Burford*, and domestic relations abstention doctrines were not a perfect fit). "[F]ederal courts may decline to exercise jurisdiction where denying a federal forum would 'clearly serve an important countervailing interest,' including 'regard for federal-state relations.'" *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018). This Court should dismiss Plaintiff's Complaint pursuant to the above abstention doctrines and general principles of comity, equity, and federalism.

### III. PLAINTIFF'S CLAIMS ARE BARRED BY THE DOMESTIC RELATIONS EXCEPTION.

The domestic relations exception to federal jurisdiction also applies here. A federal court lacks jurisdiction to hear cases that center on certain state court domestic relations issues. *See Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998). The exception recognizes that federal courts are less suited to determine alimony, custody, visitation, and child-support disputes. *Cruz v. Robert Bosch Auto., Steering, LLC*, No. 1:21-CV-06794**,** 2023 U.S. Dist. LEXIS 142861,

*9 (N.D.Ill. Aug. 16, 2023). State courts, meanwhile, have "superior proficiency in addressing" domestic relations issues such as child support and paternity proceedings. *Friedlander* at 740. Here, Plaintiff alleges that her nursing licenses were suspended for delinquent child support, ECF 1 at ¶8, and asserts that she "has no valid child support order against her." *Id.* at ¶ 9. Plaintiff's claims are therefore barred under the domestic relations exception to federal jurisdiction and must be dismissed.

### IV. PLAINTIFF'S OFFICIAL CAPACITY CLAIM AGAINST DEFENDANT RAOUL IS BARRED BY THE ELEVENTH AMENDMENT.

Moreover, the Eleventh Amendment precludes Plaintiff's official capacity claim against Defendant Raoul. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as a defendant is proscribed by the Eleventh Amendment."); *Kroll v. Board of Trustees of University of Illinois*, 934 F.2d 904, 906-907 (1991). A suit against a state employee in his official capacity is, in every material respect, a suit against the state itself. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Gerlach v. Rokita*, 95 F.4th 493, 498-99 (7th Cir. 2024). The Illinois Attorney General is a state employee. Illinois Constitution, Art. V, § 15. Further, the *Ex Parte Young* exception to Eleventh Amendment immunity does not apply here because Plaintiff is not seeking prospective injunctive relief against Defendant Raoul for an ongoing violation of her federal rights. *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002); *see also Brown v. Budz*, 398 F.3d 904, 917 (7th Cir. 2005) (*citing Ex Parte Young*, 209 U.S 123, 159–60 (1908). Rather, Plaintiff seeks damages, a declaratory judgment, and reinstatement of her professional license. ECF 1 at 8. Accordingly, Plaintiff's official capacity claims against Defendant Raoul are barred by the Eleventh Amendment and must be dismissed.

### V. PLAINTIFF FAILS TO ALLEGE THE PERSONAL INVOLVEMENT OF DEFENDANT RAOUL.

Any individual capacity claim against Defendant Raoul also fails. It is well established that Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir.1996). See also *Allen v. Bd. of Trs. Rock Valley Coll.*, No. 19-cv-05465, 2025 U.S. Dist. LEXIS 49027, *16 (N.D. Ill. Mar. 18, 2025), quoting *Gummow v. Moneyelle*, No. 22-cv-50433, 2024 WL 4766296, at *1 (N.D. Ill. Nov. 13, 2024) ("[A] court should dismiss a [Section 1983 claim] that doesn't provide sufficient factual details to establish personal responsibility").

Thus, any § 1983 claim against Defendant Raoul in his individual capacity must fail because Plaintiff has not alleged his personal involvement.

### VI. PLAINTIFF FAILS TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED.

Plaintiff does not allege *any* facts regarding Defendant Raoul. *Iqbal* and *Twombly* require that a plaintiff, even a *pro se* one, allege facts that raise claims beyond conclusion and speculation into the realm of plausibility. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Plaintiff fails to do so, and her claims against Defendant Raoul likewise fail. Moreover, as discussed below, Plaintiff has not adequately alleged a due process, equal protection, Eighth Amendment, or Sixth Amendment claim.

#### A. Plaintiff fails to state a due process claim under the Fourteenth Amendment.

To the extent Plaintiff intends to bring a substantive due process claim, it fails because she has not alleged the deprivation of a fundamental right or government action that was so arbitrary and capricious that it shocks the conscience. The Supreme Court has identified a small number of fundamental rights that trigger substantive due process analysis, but employment is not one them.

7

*Nelson v. City of Chicago*, 992 F.3d 599, 604 (7th Cir. 2021). Plaintiff has not identified any other fundamental right, and therefore her substantive due process claim fails on this basis alone. But even if Plaintiff had identified a fundamental right that was violated, Plaintiff has not alleged facts that meet the high "shocks the conscience" standard for government action under substantive due process. As the Seventh Circuit has noted*,* the Supreme Court's lodestar substantive due process case involved the forcible pumping of a criminal defendant's stomach. *Catinella v. Cty. of Cook*, 881 F.3d 514, 519 (7th Cir. 2018), citing *Rochin v. California*, 342 U.S. 165, 172-73 (1952). The shock the conscience standard is a high one, "which excludes 'many forms of governmental misconduct.'" *Nelson,* 992 F.3d at 604, quoting *Palka v. Shelton*, 623 F. 3d 447, 454 (7th Cir. 2010). Here, Plaintiff alleges that state agencies erroneously temporarily suspended her nursing licenses, ECF 1 at ¶ ¶ 7, 8, based on an invalid child support order. *See* ECF 1 at ¶ 9 ("Plaintiff has **no valid child support order** against her and is not subject to any legal obligation to pay child support under Illinois law."[5]) (emphasis in original). This is insufficient to satisfy the shock the

---

[5] Plaintiff's allegation that there is no valid child support order and she is not under any legal obligation to pay child support under Illinois law, ECF 1 at ¶ 9, is disingenuous, at best. In Plaintiff's other lawsuit pending in this district, *Lopez v. Kubalanza*, *et. al*., No. 24-cv-13340, Plaintiff alleges *inter alia* that she was improperly held in indirect contempt in her state court child custody proceeding for failure to pay court-ordered child support. *See* Complaint in 24-cv-13340, attached hereto as **Exhibit B**. Plaintiff further alleges she sought and was granted an emergency stay of the indirect contempt order pending appeal. *See* Illinois First District Appellate Court June 13, 2024 order granting the emergency stay in appellate case number 1-24-1069, *Naseem Latif v. Kimberly Lopez,* attached to Plaintiff's current complaint at page 31, and attached hereto as **Exhibit C**. However, that appeal was dismissed for want of prosecution on November 13, 2024. *See* First District Appellate Court November 13, 2024 order in case number 1-24-1069, *Naseem Latif v. Kimberly Lopez,* attached hereto as **Exhibit D.** Thus, the contempt order and child support order that preceded it are still ostensibly valid orders from Plaintiff's underlying state court proceedings in *Naseem Latif v. Kimberly Lopez*, 2011 D 579054 (Circuit Court of Cook County).

The court may take judicial notice of this information. *See* Fed. R. Evid. 201(b)(2), (d); *Denius v. Dunlap*, 330 F.3d 919, 926-927 (7th Cir. 2003) (collecting cases) (judicially noticing facts that "according to information readily available in the public domain, cannot be reasonably disputed.") Further, "[a] court may take judicial notice of matters in the public record, including pleadings and orders in previous cases, without converting a Rule 12(b)(6) motion into a motion for summary judgment." *Thompson v. Bd. of Educ.*, Case No. 14-c-6340, 2018 U.S. Dist. LEXIS 45891, at *12 (N.D. Ill. Mar. 21, 2018) (dismissing case with prejudice as barred by *res judicata*).

conscience standard for a substantive due process claim. Thus Plaintiff's substantive due process fails because she fails to identify a fundamental right that was infringed and fails to allege conduct by the government that satisfies the exacting shock the conscience standard.

Plaintiff's procedural due process claims similarly fail. Plaintiff alleges that her professional nursing licenses were suspended without notice and without a hearing. ECF 1 at ¶¶ 10-11, 16, 18-21. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth and Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976). "Due process is flexible and calls for such procedural protections as the particular situation demands." *Gilbert v. Homar*, 520 U.S. 924, 930 (1997). The key requirement of procedural due process is that a person have the opportunity to be heard at a meaningful time and in a meaningful manner. *Matthews*, 424 U.S. at 332. However, the Seventh Circuit has repeatedly held that no due process claim can proceed under Section 1983 when adequate post-deprivation state remedies exist. *See e.g. Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003); *Dusanek v. Hannon*, 677 F.2d 538, 543 (7th Cir. 1982). Plaintiff attaches to her complaint, ECF 1 at 21-23, the three October 20, 2024, notices from the Illinois Department of Healthcare and Family Services advising Plaintiff of past-due child support amount and providing options for Plaintiff to pursue if she wanted to avoid suspension of her professional licenses. *See* ECF 1 at 21-23. The notices[6] specifically provide that "You may avoid this action if, within (15) working days of this notice, you contact us at 1-800-447-4278, and: Pay the past-due support in full; or Enter into an acceptable payment plan with HFS; or Request a hearing to appeal the amount of past-due

---

[6] Plaintiff alleges that she did not receive these notices until she made inquiries in December 2024, which was beyond the 15-day period provided for in the notice. ECF 1 at ¶ 8. However, Plaintiff attaches to her complaint an email thread with the Illinois Department of Healthcare and Family Services that also provides for partial payment of the outstanding child support amount to lift the license suspension. *Id.* at 14.

support owed." *Id.* These state law remedies are not inadequate, and Plaintiff does not allege so. Further, Plaintiff does not appear to have availed herself of any of these avenues for relief. *See Tucker v. City of Chicago*, 907 F.3d 487, 492 (7th Cir. 2018); *citing Simmons v. Gillespie*, 712 F.3d 1041, 1044 (7th Cir. 2013) ("The due process clause does not permit a litigant to disdain his opportunities under state law and then demand that the federal judiciary supply a remedy.") Lastly, to the extent that any of the agency decisions of which Plaintiff complains are final administrative decisions, they are reviewable by the circuit court under the Illinois Administrative Review Law, 735 ILCS 5/3-101, or through the common law writ of certiorari. Plaintiff has not shown that these remedies are inadequate, nor can she. *See, e.g., Holstein v. City of Chicago*, 29 F.3d 1145, 1148 (7th Cir. 1994) (affirming dismissal of procedural due process claim where the plaintiff could seek circuit court review through a common law writ of certiorari); *Fostiak v. Byron Cmty. Unit Sch. Dist. 226*, No. 11 C 50231, at *5-7 (N.D. Ill. Dec. 27, 2012) (holding that the plaintiff could not state a due process claim because judicial review though a common law writ of certiorari was available); *Anderson v. Bd. of Educ.*, No. 03 C 7871, 2004 U.S. Dist. Lexis 9267, at *11 (N.D. Ill. May 21, 2004) (dismissing procedural due process claim because the plaintiff could have pursued state-law remedies including writ of certiorari).

Plaintiff also mentions reputational harm and cites *Wisconsin v. Constantineau*, 400 U.S. 433 (1971), regarding "stigma plus" procedural due process. ECF 1 at ¶¶ 15, 21. To the extent Plaintiff intends to bring a stigma plus procedural due process claim, it fails because Plaintiff has not alleged that any information about Plaintiff's alleged child support payment delinquency has been communicated to anyone by the government. A stigma plus claim requires a plaintiff to show that the government "(1) inflicted reputational damage (2) accompanied by an alteration in legal status that (3) deprived him of a right he previously held, and that (4) the deprivation occurred without the minimum due process guaranteed by the Fourteenth Amendment." *Doe v. Purdue*

*Univ.*, No. 2:17-CV-33-JPK, 2022 U.S. Dist. LEXIS 143478, *22-23 (N.D. Ind. Aug. 11, 2022), citing *Doe v. Purdue Univ*, 928 F.3d at 659-661 (7th Cir. 2019). The first element, the state's infliction of reputational damage, "roughly corresponds to the publication requirement of defamation law." *Id.,* quoting *Doe v. Trustees of Indiana Univ.*, 496 F. Supp. 3d 1210, 1216 (S.D. Ind. 2020). A defamation claim must "identify the defendant's false statements and allege their communication to a third party." *Johnson v. Schnuck Mkts., Inc.*, 495 F. App'x 733, 736 (7th Cir. 2012). *Smith v. Evans,* Nos. 18 C 8075 and 19 C 1539, 2019 U.S. Dist. LEXIS 204706, *14 (N.D. Ill. Nov. 25, 2019). Thus, Plaintiff's failure to allege any facts regarding the state disseminating information about her alleged child support payment delinquency dooms Plaintiff's stigma plus procedural due process claim.

Plaintiff's substantive and procedural due process claims fail and should be dismissed.

**B.     Plaintiff fails to state an equal protection claim under the Fourteenth Amendment.**

Plaintiff cites the Equal Protection clause of the Fourteenth Amendment and states that "Defendants treated Plaintiff differently from other licensed professionals by suspending her license without valid certification or notice, while others similarly situated received proper procedural safeguards. Defendants failed to provide Plaintiff with the procedural safeguards afforded to other professionals, such as notice and the opportunity to contest the suspension, despite having no valid child support order. This disparate treatment was arbitrary and capricious, lacking any legitimate governmental interest." ECF No. 1 at ¶ 23.

In order to prevail on an equal protection claim, Plaintiff would have to show either that she was a member of a protected class or that she was denied a fundamental right. *Srail v. Village*

11

*of Lisle*, 588 F. 3d 940, 943 (7th Cir. 2009). Plaintiff has done neither.[7] To the extent Plaintiff intends to bring a "class of one" equal protection claim, it fails. To survive a motion to dismiss on a class of one equal protection claim, Plaintiff's complaint "must allege facts sufficient to overcome the presumption of rationality that applies to government classifications."). *D.B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013), quoting *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 546 (7th Cir. 2008), quoting *Wroblewski v. City of Washburn*, 965 F.2d 452, 460 (7th Cir. 1992). Plaintiff's complaint contains no such facts. Illinois law provides that when a professional licensee is more than 30 days delinquent in the payment of child support, that the license at issue can be revoked or suspended based solely on a certification of delinquency from the Illinois Department of Healthcare and Family Services. Illinois Administrative Procedure Act, 5 ILCS 100/10-65 (c).[8] The state's legitimate interest in ensuring that court-ordered child support is paid provides the rational basis for this provision. Further, Plaintiff received adequate process in the underlying child support proceeding which issued the child support order, thus continuing with the suspension of Plaintiff's nursing licenses based on a certification of delinquency from the Illinois Department of Healthcare and Family Services is justified. As such, Plaintiff's equal protection claim fails and should be dismissed.

### C. Plaintiff's Eighth Amendment claim fails.

---

[7] As discussed above in the due process section, Plaintiff has not identified a fundamental right that was allegedly infringed.

[8] "In cases in which the Department of Healthcare and Family Services (formerly Department of Public Aid) has previously determined that an applicant or a licensee is more than 30 days delinquent in the payment of child support and has subsequently certified the delinquency to the licensing agency, and in cases in which a court has previously determined that an applicant or licensee has been in violation of the Non-Support Punishment Act for more than 60 days, the licensing agency shall refuse to issue or renew or shall revoke or suspend that person's license based solely upon the certification of delinquency made by the Department of Healthcare and Family Services (formerly Department of Public Aid) or the certification of violation made by the court. Further process, hearings, or redetermination of the delinquency or violation by the licensing agency shall not be required."

Although not set forth in a separate count, Plaintiff alleges that Defendants' actions violated the Eighth Amendment. ECF 1 at ¶ ¶ 9, 14(a). The Eighth Amendment provides that "Excessive bail should not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Plaintiff states that "Defendants' actions in suspending Plaintiff's license were based on an unsupported and erroneous certification of child support arrears, violating the Eighth Amendment's prohibition on excessive fines." ECF 1 at ¶ 14(a). It is not clear that the Eighth Amendment applies at all to a professional license suspension, see *Lundeen v. Rhoad*, 991 F. Supp. 2d 1008, 1018 (S.D.Ind. Jan. 7, 2014) (describing plaintiff's Eighth Amendment claim regarding suspension of his medical license as frivolous because plaintiff is not a convicted person); *Rowen v. Prasifka*, No. 23-cv-02806-DMR, 2024 U.S. Dist. LEXIS 114669, *21 (N.D.Cal. Jun. 28, 2024) (dismissing Eighth Amendment claim where plaintiff "offer[ed] no authority that the Eighth Amendment applies beyond actual monetary fines to the revocation of a medical license."). However, even if the Eighth Amendment properly applies to a professional license suspension in some instances, the temporary suspension of Plaintiff's nursing licenses here does not violate the Eighth Amendment. In order to be considered a fine under the Eighth Amendment, the government action would need to be intended to be permanent. *See Coleman v. Watt*, 40 F.3d 255, 263 (8th Cir.1994) (contrasting a temporary impoundment of a vehicle with a permanent *in rem* vehicle forfeiture and holding that a deprivation must be permanent to be considered a fine for purposes of the Excessive Fines Clause). Here, the license suspension is intended to be temporary, lasting only until the child support arrearage is satisfied. *See* 5 ILCS 100/10-65 (c) ("The licensing agency may issue or renew a license if the licensee has arranged for payment of past and current child support obligations in a manner satisfactory to the Department of Healthcare and Family Services (formerly Department of Public Aid) or the court.") Indeed, Plaintiff attaches to her complaint an email from the Department of Healthcare and Family

13

Services (ECF 1 at 14) which states in pertinent part: "On the matters of professional license enforcement, a lump sum payment of 3 months' worth of support towards the past due balance owed will be sufficient for a release of the current suspension. For your case, this would be a payment of $4,275.60."

Further, the suspension of Plaintiff's nursing license is not a fine under the Eighth Amendment because it is not "payment in case or in kind." *Sessler v. C.C.C.S.E.A.*, No. 1:14-CV-0058, 2014 U.S. Dist. LEXIS 90922, *12 (N.D. Ohio. July 3, 2014) ("In this case, the temporary revocation of Plaintiff's driver's license cannot be considered a "fine" for Excessive Fines Clause purposes because the revocation does not constitute a "payment in cash or in kind."); *In re Sharp*, 674 A.2d 899, 900 (D.C.1996) (stating that the revocation of an attorney's license to practice law does not invoke the Excessive Fines Clause because it is not a payment).

Plaintiff's Eighth Amendment claim fails and should be dismissed.

### D. Plaintiff's right to counsel claim fails.

Also not set forth as a separate count, Plaintiff mentions the Sixth Amendment right to counsel, ECF 1 at ¶¶ 1, 10, 12, and cites *Gideon v. Wainwright*, 372 U.S. 335 (1963). However, it is well-settled that the Sixth Amendment right to counsel applies only to criminal cases. *See Nicole K. v. Stigdon*, 990 F.3d 534, 539 (7th Cir. 2021) ("[T]here is no "civil *Gideon*" principle for child-custody or child-welfare proceedings.")

Plaintiff's Sixth Amendment right to counsel claim fails and should be dismissed.

### CONCLUSION

For the foregoing reasons, Defendant Raoul respectfully request that the Court dismiss Plaintiff's Complaint.

|  |  | Respectfully submitted, |
| --- | --- | --- |
| KWAME RAOUL | | |
| Attorney General of Illinois | By: | /s/ *Marci L. Sahinoglu* |
|  |  | Marci L. Sahinoglu |
|  |  | Assistant Attorney General |
|  |  | 115 S. LaSalle Street, 27th Floor |
|  |  | Chicago, Illinois 60603 |
|  |  | 312.636.5595 |
|  |  | marci.sahinoglu@ilag.gov |
|  |  | |
|  |  | *Counsel for Defendant Raoul* |