UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY LOPEZ, | ) | |
| *Plaintiff(s),* | ) | Case No. 25-cv-457 |
| v. | ) | Hon. John J. Tharp, Jr. |
| IDFPR, et al., | ) | |
| *Defendant(s).* | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR IN CAMERA REVIEW**

**I. INTRODUCTION**

As a *pro se* litigant, Plaintiff's pleadings must be construed liberally. The Supreme Court has consistently held that *pro se* complaints are to be "held to less stringent standards than formal pleadings drafted by lawyers." See *Haines v. Kerner*, 404 U.S. 519 (1972); and *Erickson v. Pardus*, 551 U.S. 89 (2007). Plaintiff Kimberly Lopez, *pro se*, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule 26.2 for in camera review of the sealed birth certificate (Complaint, Ex. 2, September 2024 "B.P.L.A. BIRTH CERTIFICATE CERTIFIED.pdf") to establish paternity fraud in Case No. 2011D579053. In support, Plaintiff states:

1. The birth certificate proves Plaintiff's sole custody of her daughter, B.P.L.A., negating Defendants' $16,491.60 child support arrearage claim (Complaint, ¶ 9). Public filing risks privacy violations, necessitating in camera review.

## II. LEGAL STANDARD

2. Courts may review sensitive documents in camera to balance evidentiary needs with privacy. Fed. R. Civ. P. 5.2; *In re Doe*, 268 Ill. App. 3d 459, 644 N.E.2d 413 (1994); *United States v. Zolin*, 491 U.S. 554, 569 (1989) (affirming in camera review when balancing evidentiary necessity against confidentiality); *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978) (recognizing the court's inherent authority to protect confidential materials from public disclosure); *Doe v. Marsalis*, 202 F.R.D. 233, 236 (N.D. Ill. 2001) (approving in camera review in privacy-sensitive disputes).

## III. FACTUAL BACKGROUND

Defendants suspended Plaintiff's licenses based on a fraudulent arrearage in a Non-Title IV-D case (Ex. B, State Defendants' Motion, Case No. 1:24-cv-13340, Ex. A). The birth certificate (Ex. A) confirms Plaintiff's sole custody, supported by custody orders (Ex. C, Gmail Correspondence), disproving arrears.

3. Need for In Camera Review:

    a) Public disclosure risks harm to B.P.L.A.'s privacy (Fed. R. Civ. P. 5.2(a)).
    b) In camera review allows the Court to verify paternity without public exposure.

## IV. CONCLUSION

WHEREFORE, Plaintiff requests this Court:

A. Order in camera review of Exhibit 2, the certified birth certificate of B.P.L.A., to verify legal paternity and sole custodial designation;

Date: April 18, 2025

Respectfully submitted,

/s/ Kimberly Lopez

Kimberly Lopez, *Pro se*

16036 84th Place

Tinley Park, IL 60487

708-983-3934

kslopez777@gmail.com