IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY LOPEZ, ) | |
| ) | |
| Plaintiff, ) | No. 25 CV 457 |
| ) | |
| v. ) | Hon. John J. Tharp, Jr. |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| HEALTHCARE AND FAMILY ) | |
| SERVICES, *et al.*, ) | |
| ) | |
| Defendants. | |

**DEFENDANT RAOUL'S REPLY IN SUPPORT OF HIS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

In his opening brief, Defendant Raoul explained that Plaintiff's Complaint should be dismissed for several reasons, and Plaintiff's response does not overcome these barriers. *First*, because Plaintiff's claims relate to her state court child support enforcement actions, the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine bar this court from exercising jurisdiction over Plaintiff's claims. Plaintiff's response[1] (ECF 26) on this point is unavailing. Plaintiff repeatedly claims that she is not seeking to have this Court overturn any state court judgment, and thus, she claims, the *Rooker-Feldman* and *Younger* doctrines do not apply. But this assertion is contradicted both by the plain language of the Complaint and Plaintiff's other filings in this and Plaintiff's other pending Northern District case. Plaintiff also fails to respond to Defendant Raoul's related argument that principles of federalism, comity, and equity require abstention.

---

[1] Filed at ECF 26 and again at ECF 27-1. Defendant Raoul will cite to Plaintiff's response as ECF 26.

1

*Second*, Defendant Raoul explained that Plaintiff's official capacity claim against Defendant Raoul is barred by the Eleventh Amendment. In response, Plaintiff asserts that the *Ex Parte Young* exception to the Eleventh Amendment applies, but this argument fails to the extent she seeks damages rather than prospective injunctive relief. And while the reinstatement of her nursing licenses might be considered prospective injunctive relief, Defendant Raoul is not a proper defendant because he has no role in the granting or reinstatement of professional licenses.

*Third*, Defendant Raoul explained that, to the extent that Plaintiff intends to sue him in his individual capacity, the Complaint fails because it does not allege his personal involvement. In response, Plaintiff claims she sues Defendant Raoul in only his official capacity, but then asserts Defendant Raoul is liable because he failed to investigate her claims. These facts were not included in Plaintiff's complaint and should be disregarded. And in any case, any such claim would be barred by absolute prosecutorial immunity.

*Fourth,* Defendant Raoul explained that Plaintiff fails to allege viable due process, equal protection, Eighth Amendment, or Sixth Amendment claims. Plaintiff does not respond at all to Defendant Raoul's arguments regarding her equal protection claim or her Sixth Amendment right to counsel claims, thus she has waived a response on these claims. Plaintiff fails to meaningfully respond to Defendant's other arguments and improperly alleges additional facts. For these reasons and those set forth in Defendant Raoul's opening brief, Plaintiff's complaint should be dismissed.

## ARGUMENT

### I. PLAINTIFF CANNOT AMEND HER COMPLAINT THROUGH A RESPONSE BRIEF.

As an initial matter, Plaintiff's response contains factual allegations and attaches exhibits that were not contained in her Complaint . However, a litigant cannot add new allegations in a response to a motion to dismiss. *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v.*

2

*Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (noting that it is "axiomatic" that a party may not amend his complaint through his response brief). Plaintiff cannot amend her complaint through a motion to dismiss response brief, thus her additional factual allegations and exhibits should be disregarded.

**II.     PLAINTIFF'S CLAIMS ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE.**

In his opening brief, Defendant Raoul explained that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because Plaintiff's claims center on state-court child support proceedings. ECF 18 at 4. Indeed, Plaintiff attaches the docket and several orders from her state court child custody proceedings to her complaint. In response, Plaintiff claims that she "is not challenging a state court judgment." ECF 26. But Plaintiff seeks to undo or alter a state court child support order, as she claims in her complaint that there is no "valid" child support order. ECF 1 at ¶ 9. Such relief is barred by the *Rooker-Feldman* doctrine and Plaintiff's complaint should be dismissed accordingly.

Even if Plaintiff's claims could somehow be construed to not directly challenge a state's court judgment, her claims are inextricably intertwined with state court determinations and thus are still barred by *Rooker-Feldman*. "Plaintiff's view of what [she] is challenging is too narrow. The inquiry is not limited to whether a plaintiff is directly challenging the state court's order; it asks whether the plaintiff's claims are inextricably intertwined with state court determinations." *Russell v. Bogle*, No. 23 C 3682**,** 2024 U.S. Dist. LEXIS 94315, \*4 (N.D. Ill. May 28, 2024). Here, Plaintiff's claims revolve around a state-court order requiring Plaintiff to pay child support. The only way for Plaintiff to obtain the relief she seeks from this order is for this Court to act as a court of review over the Cook County Circuit Court, which the *Rooker-Feldman* doctrine clearly forbids.

**III.    PLAINTIFF'S CLAIMS ARE BARRED BY THE *YOUNGER* ABSTENTION DOCTRINE.**

3

In his opening brief Defendant Raoul explained that, in the alternative, this Court should decline to hear Plaintiff's claims pursuant to the *Younger* doctrine because Plaintiff alleges that child support enforcement proceedings continue against Plaintiff. ECF 18 at 4-5. In response, Plaintiff asserts that there is no ongoing state court proceeding involving Plaintiff. ECF 26 at 5. But this assertion is belied by Plaintiff's complaint here and her other pending federal case in which she seeks to have a child custody order and a contempt order related to non-payment of child support overturned. *See Lopez v. Kubalanza, et al.*, No. 24-cv-13340 (N.D. Ill.) (Kennelly, J.). To the extent that the underlying child custody proceedings are ongoing, *Younger* prevents this court from interfering.

Defendant Raoul also explained that principles of comity, equity, and federalism suggest that it is proper for this Court to abstain from exercising jurisdiction over Plaintiff's claim. ECF 18 at 5. Plaintiff fails to respond at all to this argument, thus waiving a response on this issue. This Court should dismiss Plaintiff's Complaint pursuant to *Younger* abstention and general principles of comity, equity, and federalism.

### IV. PLAINTIFF'S OFFICIAL CAPACITY CLAIM AGAINST DEFENDANT RAOUL IS BARRED BY THE ELEVENTH AMENDMENT.

Defendant Raoul explained in his opening brief that the claims against him in his official capacity are barred by the Eleventh Amendment. ECF 18 at 6. In response, Plaintiff asserts that the *Ex Parte Young* exception to Eleventh Amendment immunity applies here. But as the Defendant Raoul explained in his opening brief, the *Ex Parte Young* exception to Eleventh Amendment immunity does not apply here because Plaintiff is not seeking prospective injunctive relief for an ongoing violation of her federal rights. *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002); *see also Brown v. Budz*, 398 F.3d 904, 917 (7th Cir. 2005) (*citing Ex Parte Young*, 209 U.S 123, 159–60 (1908)). Instead, Plaintiff seeks damages and a declaratory

4

judgment. *See* Prayer for Relief, ECF 1 at 8-9. All of Plaintiff's claims focus on past behavior in the context of her state court child support proceedings, which take Plaintiff's claims outside of the *Ex Parte Young* exception. *See Sherwood v. Marchiori*, 76 F.4th 688, 694 (2023), *citing Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 522 (7th Cir. 2021) (explaining that the *Ex parte Young* exception "does not apply when federal law has been violated [only] at one time or over a period of time in the past").

While Plaintiff requests prospective injunctive relief in the form of reinstatement of her professional licenses (Prayer for Relief, ECF 1 at 8-9), Defendant Raoul is still not a proper defendant under *Ex Parte Young*. The *Ex Parte Young* exception does not apply unless the plaintiff shows "that the named state official plays some role in enforcing the statute." *Doe v. Holcomb*, 883 F.3d 971, 975 (7th Cir. 2019), citing *Ex Parte Young*, 209 U.S. at 157. In other words, the plaintiff must name "a party 'whose prospective action would violate federal law.'" *Ruiz v. Pritzker*, Case No. 22-cv-7171, 2024 U.S. Dist. LEXIS 53683, *5 (N.D. Ill. Mar. 26, 2024) (internal quotation and citations omitted). Here, the Attorney General has no role in granting or reinstating professional licenses. Indeed, Plaintiff states that she has sued Defendant Raoul "in his official capacity as the legal representative of the State of Illinois." ECF 1 at 3. But while the Attorney General is the chief legal official of Illinois, that role alone does not make him a proper defendant. *See Doe*, 883 F.3d at 976 (explaining that the duty to support the constitutionality of statutes does not overcome the Eleventh Amendment); *see also Ruiz v. Pritzker*, Case No. 22-cv-7171, 2024 U.S. Dist. LEXIS 53683, *9-10 (N.D. Ill. Mar. 26, 2024) (dismissing claim against Attorney General Raoul because he did not have a specific role in enforcing the challenged statute); *Heabler v. Madigan*, No. 12-cv-6193, 2013 U.S. Dist. LEXIS 136986, *11 (N.D. Sep. 24, 2013) (dismissing claim against attorney general and noting that the "general authority over Illinois law thus does not alone render [him] a proper defendant here"). Accordingly, Plaintiff's official

5

capacity claims against Defendant Raoul are barred by the Eleventh Amendment and must be dismissed.

## VI. PLAINTIFF FAILS TO ALLEGE THE PERSONAL INVOLVEMENT OF DEFENDANT RAOUL.

As Defendant Raoul explained in his opening brief, any individual capacity claim against Defendant Raoul also fails because Plaintiff has not alleged facts of his personal involvement for a Section 1983 claim. ECF 18 at 7. In response, Plaintiff claims she sues Defendant Raoul in only his official capacity, but then claims that:

> Plaintiff notified the Attorney General's office in 2021 of ongoing ADA and due process violations. Rather than investigate or intervene, his office, specifically the Civil Rights Bureau, now defends the same actors Plaintiff reported. Under *Gentry v. Duckworth*, 65 F.3d 555 (7th Cir. 1995), state officials who fail to stop known constitutional violations may be held liable under § 1983.

ECF 26 at 7. These facts were not included in Plaintiff's complaint, and thus must be disregarded.

Aside from these improperly added factual allegations, Plaintiff still fails to allege Defendant Raoul's personal involvement in any alleged failure to investigate Plaintiff's complaints. And in any case, Attorney General Raoul would be entitled to absolute prosecutorial immunity for any claim related to an alleged failure to investigate. *See Watson v. Bush*, No. 09-cv-1871, 2010 U.S. Dist. LEXIS 38569, at *18-20 (N.D. Ill. Apr. 20, 2010) ("Other district courts similarly have concluded that prosecutors are entitled to absolute immunity for claims premised on a failure to investigate… Similarly, Plaintiff's claims against Attorney General Madigan are barred by absolute prosecutorial immunity."); *Carrillo v. Chambers*, No. 05 C 686, 2007 U.S. Dist. LEXIS 5431, at *17 (N.D. Ill. Jan. 22, 2007) (claim that Illinois Attorney General failed to take action to ensure that plaintiff's rights were protected barred by absolute prosecutorial immunity). Thus any claims against Defendant Raoul in his individual capacity must be dismissed.

## VII. PLAINTIFF FAILS TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED.

Defendant Raoul explained in his opening brief that Plaintiff has not adequately alleged a due process, equal protection, Eighth Amendment, or Sixth Amendment claim. Plaintiff's response does not overcome these deficiencies.

### A. Plaintiff fails to respond to Defendant Raoul's argument regarding her equal protection and her Sixth Amendment right to counsel claims.

In his opening brief, Defendant Raoul explained that Plaintiff's equal protection claim failed because she has not alleged that she was a member of a protected class or that she was denied a fundamental right, and that she has not alleged sufficient facts to overcome the presumption of rationality that applies to government classifications for a class-of-one equal protection claim. ECF 18 at 11-12. Plaintiff does not respond at all to these arguments, effectively conceding that State Defendant Raoul's arguments are correct. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."); *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013) ("Because they did not provide the district court with any basis to decide their claims, and did not respond to the [defendant's] arguments, these claims are waived.").

Similarly, Defendant Raoul explained in his opening brief that there is no Sixth Amendment right to counsel for civil cases. ECF 18 at 14. Plaintiff does not respond at all to this argument and waives argument on this issue, as well. Plaintiff's Equal Protection and Sixth Amendment claims should be dismissed accordingly.

### B. Plaintiff fails to meaningfully respond to Defendant Raoul's arguments regarding her Fourteenth Amendment due process claims.

Defendant Raoul explained in his opening brief that to the extent Plaintiff intends to bring a substantive due process claim, it fails because she has not alleged the deprivation of a fundamental right or government action that was so arbitrary and capricious that it shocks the conscience. ECF 18 at 8-9. Defendant Raoul also explained that Plaintiff's procedural due process

7

claims fail because she has not alleged that adequate post-deprivation remedies do not exist. *Id*. at 9-10. Finally, Defendant Raoul explained that Plaintiff's stigma-plus due process claim fails because Plaintiff has not alleged that any information about Plaintiff's alleged child support payment delinquency has been communicated to anyone by the government. *Id*. at 10-11.

Plaintiff does not meaningfully respond to any of these arguments. Instead, Plaintiff puts forth two sentences which improperly alleges additional facts and otherwise does not rebut any of Defendant Raoul's arguments: "Defendants suspended Plaintiff's licenses, seized tax refunds, and triggered Treasury offsets without notice, hearing, or opportunity to be heard. This violates procedural due process as established in *Mullane v. Central Hanover Bank*, 339 U.S. 306 (1950), *Mathews v. Eldridge*, 424 U.S. 319 (1976), and *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985)." ECF 26 at 7-8. The additional facts regarding seized tax refunds and Treasury offsets should be disregarded. Moreover, these statements do not address any substantive due process or stigma-plus due process claim, and so Plaintiff has waived any such claims. Finally, Plaintiff's response ignores the availability of post-deprivation remedies, which doom any procedural due process claim as discussed in Defendant Raoul's opening brief. *See* ECF 18 at 9. For all these reasons, Plaintiff's substantive and procedural due process claims fail and should be dismissed.

**C. Plaintiff does not meaningfully respond to Defendant Raoul's argument regarding her Eighth Amendment claim.**

Defendant Raoul explained in his opening brief that Plaintiff 's allegation that Defendants' actions violated the Eighth Amendment fails because even if the Eighth Amendment applies to professional license suspensions, Plaintiff's license suspensions are not an excessive fine under the Eighth Amendment because the suspensions are not permanent and are not "payment in cash or kind." ECF 18 at 12-14.

8

In response, Plaintiff improperly alleges additional facts regarding federal tax refund garnishment and offsets that allegedly occurred in 2023, claiming that these amounts together with the delinquent child support she owes to release her license suspension constitute an excessive fine because it is "grossly disproportionate to the gravity of the offense or imposed without adjudication." ECF 26 at 8. Plaintiff ignores the case law in Defendant Raoul's brief that a temporary suspension of a license cannot be considered a fine for purposes of the Eighth Amendment, as well as the case law holding that a license suspension is not a fine because it is not "payment." ECF 18 at 13-14. Plaintiff has thus waived any response to these arguments, and her Eighth Amendment claim should be dismissed accordingly.

## CONCLUSION

For the foregoing reasons and those set forth in his opening brief, Defendant Raoul respectfully requests that the Court dismiss Plaintiff's Complaint.

KWAME RAOUL
Attorney General of Illinois

Respectfully submitted,

By: /s/ *Marci L. Sahinoglu*
Marci L. Sahinoglu
Assistant Attorney General
115 S. LaSalle Street, 27th Floor
Chicago, Illinois 60603
312.636.5595
marci.sahinoglu@ilag.gov

*Counsel for Defendant Raoul*