UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

Kimberly Sue Lopez

Plaintiff,

v.

Illinois Department of Healthcare and Family Services, et al.

Defendant.

Case No.: 1:25−cv−00457

Honorable John J. Tharp Jr.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, May 1, 2025:

MINUTE entry before the Honorable John J. Tharp, Jr:The Court has reviewed the plaintiff's "emergency verified petition for writ of habeas corpus on behalf of minor child B.P.L.A." [49], which purports to seek federal habeas relief on behalf of the plaintiff's minor daughter. Because the petition is "unrelated to the claims in [the] original complaint," it is denied. Decker v. Fed. Bureau of Prisons, No. 21−cv−00253, 2022 WL 18674885, at *1 (S.D. Ind. Aug. 2, 2022). In the complaint, the plaintiff alleges that various Illinois entities suspended her professional license in violation of 42 U.S.C. § 1983, and she seeks damages and an order directing reinstatement of the license. In the petition, by contrast, the plaintiff alleges that her daughter was unlawfully removed from her care and seeks an order restoring custody. Issues with the relief sought aside (a proper habeas petitioner is typically a prisoner, and a proper respondent is the person with custody over the prisoner), the plaintiff "cannot repurpose this case number for a completely different lawsuit" seeking new relief based on new facts. Id.; see Payne v. Illinois, 485 F. Supp. 2d 952, 952−53 (N.D. Ill. 2007). The plaintiff&#0;39;s suggestion that her habeas petition and her complaint seek the same relief because both involve the restoration of "federally protected rights to familial integrity, due process, and equal protection" is unavailing. It is unlikely that the Court will grant leave to amend to include habeas or custody claims, see Fed. R. Civ. P. 15(a)(2); id. R. 20(a)(2) (joinder of new defendants requires the same transaction or occurrence or a common question of law or fact), so if the plaintiff wishes to pursue those claims, her best course may be to "initiate a [separate] action by filing a separate complaint," Decker, 2022 WL 18674885, at *1. In the meantime, the habeas petition is denied, and the motion to expedite a hearing on the habeas petition [48] is denied as moot. The Court separately notes that the plaintiff filed her petition and motion [48] [49] under seal, which is improper without leave of Court. Unless the plaintiff provides an explanation, by 5/9/25, as to why these documents must remain under seal, the Court will direct the Clerk to unseal them. Future sealed documents must be accompanied by a motion for leave to file under seal. Mailed notice(air, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.