UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY LOPEZ, | ) | Case No. 25-cv-457 |
| *Plaintiff(s),* | ) | Hon. John J. Tharp, Jr. |
| v. | ) | |
| IDFPR, et al., | ) | |
| *Defendant(s).* | ) | |

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

**RECITALS**

1. Plaintiff Kimberly Lopez, proceeding pro se, brings this Emergency Motion for Temporary Restraining Order ("TRO") pursuant to Fed. R. Civ. P. 65(b) and N.D. Ill. L.R. 65.1. Courts grant temporary restraining orders where the movant demonstrates (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent relief, (3) that the balance of equities favors the movant, and (4) that the injunction serves the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). Plaintiff meets all four factors here.

2. Plaintiff is suffering irreparable harm, including but not limited to unlawful seizure of federal tax refunds, levies on personal financial accounts, and administrative suspension of her professional licenses as a nurse practitioner in Illinois and Florida,

effectively barring her from working, earning income, or accessing necessary healthcare for herself and her dependent minor child. Federal courts recognize that economic harm interfering with access to food, housing, or medical care constitutes irreparable harm. See *Doe v. Mundy*, 514 F. Supp. 3d 1171, 1182 (D. Mont. 2021). Plaintiff has submitted proof of SNAP and Medicaid enrollment and the loss of both federal tax refunds and professional licensure, establishing imminent risk of hardship with no adequate legal remedy.

3. Plaintiff's inability to practice as a licensed APRN due to unlawful license suspension not only harms her economically, but also directly impacts the continuity of care for her Medicaid and Medicare patients, many of whom depend on her for timely access to mental and primary healthcare. Enjoining Defendants' actions therefore serves the public interest by preserving access to federally funded medical services for vulnerable populations.

4. Plaintiff has submitted extensive documentary evidence, including Medicaid and SNAP enrollment, IRS records, tax and personal credit union account levies without notice, dual state license suspension notices, and her 2024 tax return demonstrating zero taxable income.

5. Plaintiff certifies under Rule 65(b)(1)(B) that she has made a good faith effort to notify Defendants and engaged in direct correspondence with opposing counsel seeking stipulation to the proposed TRO. Defendants refused. Further, it is well-established that courts may not penalize individuals for poverty. In *Bearden v. Georgia*, 461 U.S. 660 (1983), the Supreme Court held that punishing a person for inability to pay violates both the Due Process and Equal Protection Clauses of the

Fourteenth Amendment. This principle was first recognized in *Williams v. Illinois*, 399 U.S. 235 (1970), where the Court struck down extended incarceration based solely on indigency. Together, *Williams* and *Bearden* establish a clear constitutional rule: the government may not condition liberty, due process, or access to civil rights on a person's ability to pay. Plaintiff is reliant on federal assistance, and the State's actions have deprived her of the ability to work, maintain licensure, or access funds she is legally entitled to, in direct violation of this protection.

**ORDER**

IT IS HEREBY ORDERED THAT:

1. **RELEASE OF LEVIES AND REFUNDS**

    - Defendants shall immediately release all levies or holds on Plaintiff's personal financial accounts.

    - Defendants shall promptly refund:

        (i) $3,498.00 seized from Plaintiff's 2024 federal tax refund; and

        (ii) $3,932.70 seized from Plaintiff's account on April 29–30, 2025.

2. **STAY OF ENFORCEMENT**

    - Defendants shall take no further enforcement action against Plaintiff, including garnishment, levy, or administrative offset, until further order of the Court.

3. **REINSTATEMENT OF PROFESSIONAL LICENSES**

- Defendants IDFPR and IDHFS shall immediately lift any administrative suspension of Plaintiff's professional licenses, including Full Practice APRN and Controlled Substance License, and restore her full practice privileges.

4. **BOND**

    - Pursuant to Fed. R. Civ. P. 65(c) and 28 U.S.C. § 1915(a), no bond is required as Plaintiff is proceeding in forma pauperis.

5. **DURATION**

    - This Order shall remain in effect for fourteen (14) days from the date of entry, unless extended by the Court pursuant to Fed. R. Civ. P. 65(b)(2).

6. **REQUEST FOR HEARING**

    - Plaintiff respectfully requests that the Court set a hearing on her Motion for Preliminary Injunction at the Court's earliest convenience following entry of this Order.

7. **FINDINGS AND CONCLUSIONS**

    - Plaintiff shall submit Proposed Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52(a).

IT IS SO ORDERED.

Dated: _____

Hon. John J. Tharp, Jr.

United States District Judge

Respectfully submitted,

/s/ Kimberly Lopez

Kimberly Lopez, Pro Se

16036 84th Place

Tinley Park, IL 60487

kslopez777@gmail.com

(708) 983-3934