IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY LOPEZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 25 CV 457 |
| ) | |
| ILLINOIS DEPTMENT OF HEALTHCARE ) | Hon. John J. Tharp, Jr. |
| AND FAMILY SERVICES, *et al*., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ILLINOIS DEPT. OF HEALTHCARE AND FAMILY SERVICES
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, the Illinois Department of Healthcare and Family Services ("HFS"), by its attorney, KWAME RAOUL, Illinois Attorney General, and pursuant to Fed. R. Civ. P. 2(b)(1) and (6), hereby moves this Court to dismiss the claims in Plaintiff's Complaint.

**INTRODUCTION**

Plaintiff's allegations arise out of *Nasseem Latif v. Kimberly Lopez*, Cook County Case No. 2011D579053 ("Cook County Case"), a pending case in the Cook County Domestic Relations Division involving state court child custody and support proceedings between Plaintiff and Nasseem Latif. As a result of state child support enforcement efforts, Plaintiff's three professional nursing licenses have been administratively suspended. Plaintiff asserts violations of her civil rights pursuant to 42 U.S.C. §§ 1983, which violations she contends implicate the Sixth, Eighth, and Fourteenth Amendments. *See* ECF 6 ¶¶ 1, 12-17, Ct. I, II. Plaintiff seeks declaratory, injunctive, and compensatory relief. *Id*. Ct. III.

The gist of Plaintiff's contentions against HFS appears to be that there is no enforceable child support order entered against Plaintiff in the Cook County Case and HFS implemented

child support enforcement remedies without Plaintiff's willingness to participate in HFS' Title IV-D child support program ("IV-D Program").[1] S*ee* ECF 6 ¶ 9. HFS's enforcement of the child support order, Plaintiff asserts, amounts to a denial of due process and equal protection, and imposition of excessive fines by conspiring State agencies. *See* ECF 6 ¶ 8, Ct. I, II.

Plaintiff's claims against HFS should be dismissed with prejudice because: (1) this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, domestic relations exception, and federal abstention doctrine; (2) to the extent that Plaintiff's state court case is ongoing, this case should be dismissed pursuant to the *Younger* abstention doctrine; (3) this case is barred by the Eleventh Amendment; and (4) Plaintiff has failed to state a claim upon which relief may be granted and amendments to the Complaint would be futile.

**OVERVIEW OF STATE AND ADMINISTRATIVE PROCEDURAL HISTORY**

*The Cook County Domestic Relations Case*

Plaintiff's case arises from HFS's efforts to enforce past due child support for a child, Bella, pursuant to certain orders entered Plaintiff's Cook County Case. Presently, Plaintiff must pay child support to Mr. Latif, Bella's custodial parent. Early in the Cook County Case, the roles were reversed, and Mr. Latif was ordered to pay support to Plaintiff.[2] However, as of the Orders entered December 28, 2023, Plaintiff had zero overnights per year with the parties' minor child and was ordered to pay child support to Mr. Latif.[3] **Exhibit A, B**.[4] Further, on February 20, 2024, the Court ordered the Bureau of Vital Statistics to issue a corrected birth certificate for the

---

[1] The Title IV-D program, established under Title IV-D of the Social Security Act, is a federally required program providing parentage and child support establishment and enforcement services. In Illinois, the Title IV-D program is administered by HFS, Division of Child Support Services.
[2] As reflected in ECF 6, Plaintiff's Exhibit A, the three Orders entered between August 2012 and June 2012.
[3] Effective January 1, 2024, Plaintiff was ordered to pay $1,018.00 per month in current child support and $203.60 month towards $6,108.00 in retroactive support for the period of July 1, 2023 to December 31, 2023.
[4] This Court may take judicial notice of the information provided in the Exhibits. See Fed. R. Evid. 201(b)(2).

child, officially changing her name to "Bella Latif" and listing Mr. Latif as the child's father.[5] **Exhibit C**.

On February 29, 2024, the Court entered an Order on Rule to Show Cause against Plaintiff for failure to comply with the December 28, 2023 child support Order. **Exhibit D**. On April 30, 2024, Plaintiff appeared at her contempt hearing self-represented and was found to be in indirect civil contempt because she failed to prove the existence of any legally sufficient reason for non-compliance with the December 28, 2023 support order or show that she had not acted willfully or contumaciously. **Exhibit E**. She was ordered committed to the Cook County Jail until purging herself of contempt by paying $3,500.00. *Id*. ¶ 5. Commitment was stayed until May 23, 2024 to give her time to make the purge payment. *Id*. ¶ 5-6, 10. Further, on April 30, 2024, the Court entered a modified Uniform Order for Support.[6] **Exhibit F, G**.

On May 23, 2024, Plaintiff filed a Notice of Appeal. On May 24, 2024, she filed an "Emergency Stay Pending Appeal," which the Appellate Court allowed on June 13, 2024: "the enforcement of the commitment order is stayed pending the resolution of this appeal." *See* ECF 6 at Ex. A, 6/13/24 Appellate Order. The Court warned Plaintiff that her failure to timely file the record on appeal and opening brief could result in the stay being lifted. *Id*. On July 25, 2024, the Appellate Court dismissed the appeal for want of prosecution. **Exhibit H**.

<u>HFS and IDFPR Administratively Enforce the Support Orders</u>

On October 20, 2024, HFS issued to Plaintiff three Notices of Intent to Request Revocation, Suspension or Denial of Professional, Occupational or Recreational License.

---

[5] Apparently, the Bureau had not issued the corrected birth certificate as of September 10, 2024 because Plaintiff has provided a birth certificate which appears to have been issued that day, but which still refers to the child as "Bella Petronella Lopez-Allsot" and names Peter John Allsot as the child's father. (ECF 6 at Ex. A, Birth Certificate.)
[6] The modified order retained the same payment terms as the December 28, 2023 Uniform Order for Support but further ordered that Plaintiff owed Mr. Latif $27,304.00 in retroactive support for the period of 1/1/21 to 12/31/23.

3

("Notices"). *See* ECF 6 at Ex. A, Notices. One Notice was issued for each of Plaintiff's professional licenses, and each was sent by U.S. Mail to Plaintiff's home address (16036 84th Pl., Tinley Park, IL 60487-7500) ("Tinley Park address"). *Id.*; *see also*, Ex. A, 12/31/24 Email. The Notices advised Plaintiff that she: (1) was at least 30 days past due in making her child support payments in the Cook County Case; (2) owed at least $16.491.60 as of October 15, 2025; and (3) had fourteen business days to contact HFS if she wished to avoid the suspension of her licenses by paying the past due amount, arranging a payment plan or requesting an administrative appeal of the balance. *Id.* at Notices.

On December 19, 2024, IDFPR issued three administrative orders suspending Plaintiff's professional licenses entitled "Suspension Order Due to Delinquent Child Support" (the "Suspension Orders"). *See* ECF 6 at Ex. A, Suspension Orders. Each of the Suspension Orders provides that IDFPR is acting pursuant to HFS's Notices because Plaintiff was more than thirty (30) days delinquent on her child support obligations. Each Suspension Order found that Plaintiff received the corresponding Notice, but she failed to adequately respond. *Id*. Plaintiff denies she received the Notices in October 2024 (ECF 6 ¶ 8), but admits that on or about December 19, 2024, she was informed that her three professional nursing licenses had been suspended by IDFPR. *Id*. at Ct. IV, ¶¶ 7-8.

## ARGUMENT

**I.  THIS COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(1).**

Rule 12(b)(1) provides that a party may move to dismiss a case based on lack of subject matter jurisdiction. Motions to dismiss under 12(b)(1) test the sufficiency of the complaint and are not meant to decide the merits of the case. *See Penny v. Pelosi*, 538 F.Supp.3d 850, 854 (C.D. Ill. 2021). When jurisdiction is challenged, the court will draw reasonable inference in favor of

4

the plaintiff, accepting as true those well-pleaded factual allegations. *See id*. However, the plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Id*. Here, Plaintiff has failed to meet that burden.

**A. Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.**

This Court should decline to hear Plaintiff's claims based on the *Rooker-Feldman* doctrine which would require this Court to determine whether the Plaintiff's state court child support order is "invalid." Generally, United States District Courts have no jurisdiction to review state court decisions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "[L]ower federal courts are not authorized to review appeals from state court judgments except, of course, where Congress has explicitly authorized such collateral review." *Crestview Village Apartments v. U.S. Dept. of Housing and Urban Development*, 383 F.3d 552, 556 (7th Cir. 2004).

In *Gilbank v. Wood Cnty. Dep't. of Human Servs.*, 111 F. 4th 754 (7th Cir. 2024) (en banc), the Seventh Circuit explained that the Rooker-Feldman doctrine precludes federal jurisdiction when four elements are present:

> *First*, the federal plaintiff must have been a state-court loser. *Second*, the state-court judgment must have become final before the federal proceedings began. *Third*, the state court judgment must have caused the alleged injury underlying the federal claim. *Fourth*, the claim must invite the federal district court to review and reject the state-court judgment.

*Gilbank*, 111 F. 4th at 766 (emphasis in original). Additionally, the Seventh Circuit recognizes one additional element that the Supreme Court has yet to address: the doctrine "does not apply to bar jurisdiction over a plaintiff's federal claim if she did not have a reasonable opportunity to raise her federal issue in the state courts." *Id*. In narrowing the application of the doctrine, the Seventh Circuit eliminated the notion that federal jurisdiction over federal claims

may be barred if those claims are "inextricably intertwined with the state court's judgment." *Id*. at 761, 767 n.5.

This is the precise type of case over which jurisdiction is prohibited by the *Rooker-Feldman* doctrine, "an action brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). All of Plaintiff's claims stem from enforcement of the child support order entered against her in the Cook County Case. Plaintiff objects to the child support order and its enforcement by HFS. *See* ECF 6 ¶¶ 8-9. Plaintiff is a state-court loser and invites this federal court to review and reject the state-court order.

Lastly, Plaintiff had a reasonable opportunity to raise her objections in the state courts. While she filed a Notice of Appeal in the Cook County Case, and the Appellate Court stayed enforcement of her commitment order (*See* ECF 6 ¶ at Ex. A, 6/13/24 Appellate Order), Plaintiff failed to pursue the case, and it was dismissed for want of prosecution. *See* **Exhibit H**. Plaintiff did not request the Appellate Court to reconsider the dismissal. Therefore, the *Rooker-Feldman* doctrine bars Plaintiff's Complaint, and it should be dismissed.

**B. Plaintiff's claims are barred by the *Younger* abstention doctrine.**

Alternatively, this Court should decline to hear Plaintiff's claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Federal courts apply Younger abstention when there is a parallel, pending state proceeding and any federal rulings would "implicate a State's interest in enforcing the orders and judgments of its courts." *Spring Comm. Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). Traditionally, the federal courts have recognized that domestic relations law directly implicates important state interests and that the federal district courts should abstain from exercising

jurisdiction over those claims. *See Ehlers v. Gallegos*, 16 CV 5092, 2020 WL 43010 at *8-9 (N.D. Ill. 2020); *Mannix v. Machnik et al.*, 05 C 7232, 2006 WL 794764 at *4 (N.D. Ill. 2006) (divorce and custody proceedings are traditionally viewed as important state interests that warrant abstention).

While a state court matter is pending, a party has an opportunity to raise any claims, including constitutional claims, in that state proceeding. *See Younger*, 401 U.S. at 49. Originally, Younger required federal court abstention only when there was a parallel, pending state criminal proceeding. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). However, the Court has extended this federal abstention to state civil proceedings that implicate a state's interest in compelling and enforcing compliance with its own civil orders or judgments. *See id*. at 72-73; *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987). This would include not only "civil enforcement proceedings" but also "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint* at 73.

Here, the state court has a significant interest in compelling compliance with its domestic relations orders, including child support. In the Cook County Case, Plaintiff has an ongoing child support obligation and there remains the potential for future proceedings regarding that order. Consequently, this Court should decline to hear Plaintiff's claims pursuant to *Younger*.

**C. Plaintiff's claims are barred by the Domestic Relations Exception.**

Plaintiff's claims against HFS are also barred by the domestic relations exception to federal jurisdiction, which prevents federal courts from adjudicating cases that involve divorce, alimony, and child custody decrees. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006); *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018) (quotations omitted). This rule prevents federal courts from intruding into a state court matter, "particularly because state courts are assumed to have

developed a core proficiency in probate and domestic relations matters." *Sykes v. Cook County Circuit Court Probate Division*, 837 F.3d 736, 741 (7th Cir. 2016). The domestic relations exception is narrowly construed and applies only when it is necessary to prevent federal courts from disturbing a divorce or child custody order of the state court. *See Kowalski* at 995.

In this case, Plaintiff has raised allegations against HFS's enforcement of the child support order in the Cook County Case. These claims are "ancillary to the domestic-relations proceedings in state court" and are not "attempting to litigate misconduct that occurred outside the state court proceedings[.]" *Sheetz v. Norwood*, 608 F. App'x 401, 404 (7th Cir. 2015). Where Plaintiff would like this Court to declare her child support order invalid, or otherwise modify the state court orders, her constitutional claims are non-existent but for the entry of the order in the Cook County Case. Therefore, Plaintiff's claims are barred under the domestic relations exception to federal jurisdiction and must be dismissed.

**D. Plaintiff's claims are barred by the general principles of federal abstention.**

Alternatively, this Court should decline federal jurisdiction over this case under general principles of federal abstention. Federal courts may decline to exercise jurisdiction where denying a federal forum would clearly serve an important countervailing interest including regard for federal-state relations. *Courthouse News Serv. v. Brown*, 908 F. 3d 1063, 1071 (7th Cir. 2018). No abstention doctrine is an exact fit; demanding strict adherence to doctrinal requirements would risk a serious federalism infringement. *J.B. v. Woodard*, 997 F. 3d 714, 723 (7th Cir. 2021).

In *Woodard*, the plaintiff filed a § 1983 due process action in federal court to challenge a custody and parenting time dispute that was pending in the state domestic relations court. *Id*. at 719. Specifically, plaintiff was seeking a favorable federal court decision that he was hoping

8

would influence the state court's decisions. *Id*. at 719, 722. The Seventh Circuit affirmed the district court's decision to abstain from exercising jurisdiction over the plaintiff's due process claims. *Id*. at 721. The Court reasoned that abstention from federal jurisdiction should be the exception, not the rule. However, under established abstention doctrines, a federal court may, and often must, decline to exercise jurisdiction when doing so would intrude on the state courts' independence and their ability to resolve cases before them. *Id*. at 721-22. Abstention cases implicate underlying principles of equity, comity, and federalism foundational to our federal constitutional structure. *Id*. at 722. The same abstention reasoning "applies with equal force" to a request for compensatory damages because a federal judgment for compensatory judgment could disrupt state court proceedings. *Id*. at 724.

Under the guise of a civil rights claim, Plaintiff is asking this Court to inject itself into her family court case. She is asking for compensatory damages and is disputing the legitimacy of the child support order that was entered in state court. Plaintiff's Complaint runs afoul of general abstention principles and this Court should dismiss her Complaint.

### E. Plaintiff's claims are barred by the Eleventh Amendment.

Claims against State Defendants are barred by the Eleventh Amendment, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is long established that this protection extends to state agencies such as the ones named herein. *Id*. at 100 ("It is clear, of course, that in the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The issue of sovereign immunity is properly raised as a 12(b)(1) defense because it deprives federal courts of subject matter jurisdiction to hear the claim. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009).

Three exceptions to sovereign immunity exist, but none apply here. First, a state may, by an "unequivocal[]" expression, waive its immunity and consent to suit in federal court, which Illinois has not done here. *See PennEast Pipeline Co., L.L.C. v. New Jersey*, 141 S. Ct. 2244, 2258 (2021). Second, Congress may "expressly" abrogate the states' immunity pursuant to the Fourteenth Amendment, but that is also not the case here. *Green Valley Special Util. Dist. v. City of Schertz, Tex.*, 969 F.3d 460, 471 (5th Cir. 2020). Third, immunity may not apply if a plaintiff suit is one for prospective injunctive relief from ongoing violations of federal law pursuant to *Ex Parte Young* doctrine. *See Sonnleitner v. York*, 304 F.3d 704, 717 (7th Cir. 2002). In this case, Plaintiff seeks declaratory, injunctive, and compensatory relief. *see* ECF 6 at Ct. III, Prayer for Relief. The *Ex Parte Young* doctrine does not apply to Plaintiff's claims for damages and declaratory relief. And while Plaintiff's request for reinstatement of her professional licenses may be considered prospective injunctive relief, Plaintiff underlying due process claims related to the suspension of her nursing licenses cannot reasonably be construed as "ongoing". *Sonnleitner* at 717. The alleged constitutional violation is not that Plaintiff's licenses were suspended, but that Plaintiff was denied due process regarding the suspension of those licenses. Plaintiff was afforded the opportunity to administratively appeal the suspension, but she chose not to make that request. In this case, there was no violation of federal law, let alone an ongoing violation of federal law. Therefore, there are no exceptions to sovereign immunity that apply in this case.

Further, to the extent Plaintiff brings any claims under Title 42 of the United States Code § 1983, those claims are only allowed against persons, not against state agencies such as HFS. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding a state department is not a "person" suable under § 1983). Under §1983, a plaintiff must show that a defendant is personally

responsible for any alleged deprivation of constitutional rights. *Brooks v. Sheahan*, 50 F. Supp. 2d 821, 823 (N.D. Ill. 1999). Accordingly, all federal claims against HFS are barred by the Eleventh Amendment and should be dismissed with prejudice.

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED PURSUANT TO FED. R. CIV. P 12(b)(6).

Under Rule 12(b)(6) a complaint may be dismissed if the plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint must contain "more than a sheer possibility that a defendant has acted unlawfully" and be supported by factual content because "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Merely claiming violations of one's constitutional rights is not sufficient to state a claim. A plaintiff must provide "well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief." *Id*. At 679. Plaintiff has failed to allege adequate facts to support Eighth Amendment and due process and equal protection 14th Amendment claims against HFS.

### A. Plaintiff fails to state a due process claim under the 14th Amendment.

Under §1983, Plaintiff alleges that HFS, under color of state law, deprived her of her constitutional rights without due process of law. Plaintiff alleges that HFS circumvented the Constitution to profit from IV-D Program and is enforcing the child support order in the Cook Count Case by coercion. *see* ECF 6 ¶ 9. In none of these allegations does Plaintiff state a viable substantive or procedural due process claim.

A substantive due process claim requires deprivation of a fundamental right or government action that is so "arbitrary and irrational" it shocks the conscience. *See Nelson v. City of Chicago*, 992 F.3d 599, 604 (7th Cir 2021). A temporary suspension of one's professional license is not a fundamental right. Likewise, HFS did not act in an arbitrary or irrational way

when it sought enforcement of Plaintiff's child support order. Plaintiff's mere dissatisfaction with the child support order entered in the Cook County Case does not give rise to an actionable due process violation. *See Sheetz v. Norwood*, 608 Fed. Appx. 405 (7th Cir. 2015) (finding that dissatisfaction with a district judge's rulings does not alone establish a due process violation). Any substantive due process claim by Plaintiff fails for these reasons.

A procedural due process claim requires deprivation of liberty or property by a state actor without notice and an opportunity to be heard. See *Brzozowski v. Singh*, 2008 U.S. Dist. LEXIS 91567, *7 (N.Dist. 2008). Plaintiff claims her professional nursing licenses were suspended without proper notice to her and without hearing. *See* ECF 6 ¶ 8. First, HFS provided Plaintiff proper notice of their intent to seek suspension of her professional licenses. *See* ECF 6 ¶ at Ex. A, Notices. On October 20, 2024, HFS mailed these Notices to the Plaintiff's Tinley Park address, the same address she uses in all her pleadings before this Court. In December 2024, Plaintiff confirmed in communication with HFS that the Tinley Park address was correct; however, she argued that the matter was one of "mistaken identity" and that she didn't "owe child support to anyone." *See* ECF 6 ¶ at Ex. A, Emails. However, even if Plaintiff claims she did not timely receive this notice, failure to receive the notice is not a violation of due process. *See Singh* at *8 (receipt of notice is not necessary to establish due process of law).

Further, a due process claim cannot proceed under Section 1983 if adequate post-deprivation remedies are available. *See Veterans Legal Def. Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir 2003). HFS is the Illinois State agency responsible for operating the child support enforcement program, which must comply with Title IV-D of the Social Security Act. *In re Marriage of Lappe*, 176 Ill. 2d 414, 426 (1997). To comply with the federal requirements, Illinois has established procedures to establish, enforce, and collect current and past-due child

12

support owed under Article X of the Illinois Public Aid Code. 305 ILCS 5/10-1 (Lexis 2025). HFS implements various enforcement remedies, authorized under the Illinois Public Aid Code and Illinois Administrative Code, for the collection of past-due child support. One such enforcement remedy is certifying past-due child support balances to State professional, occupational or recreational licensing agencies. *See* 89 Ill. Adm. Code 160.70(n). These administrative actions have specific administrative remedies available to aggrieved parties. *See* 89 Ill. Adm. Code 160.70 (Lexis 2025); 305 ILCS 5/10-25(b) (Lexis 2025).

In the October 20, 2024 Notices to Plaintiff, HFS informed Plaintiff that she had a past-due child support balance in the amount of $16,491.60 and that the licensing agency would begin action against her to suspend her licenses. *See* ECF 6 at Ex A, Notices. Further, the Notices laid out specific options for Plaintiff should she wish to avoid any suspension. *See id*. These options included pay the past-due support in full, enter into a payment plan with HFS, or appeal the amount of past-due child support owed. *See id*. Plaintiff chose not to avail herself of these remedies. Rather, Plaintiff waited until after her licenses were already suspended, and then reached out to HFS claiming this was a case of "mistaken identity" and feigning surprise that she owed past due child support: "I don't have a child support case. … I'm beyond shocked and lost as to how this can happen." *See* ECF 6, Ex A, at 12/24/24 at 12:57 PM Email. Plaintiff even went so far as to provide HFS with an uncorrected birth certificate for her child so as to claim that any child support order must be a mistake because the child's father was not Mr. Latif.[7] *See id*. at 12/27/24 at 10:51 AM Email and Birth Certificate. And, while a Section 1983 action does

---

[7] Plaintiff failed to inform HFS that on February 2, 2024, the Court in the Cook County Case ordered that the birth certificate for the child be corrected to officially change her name to "Bella Latif" and list Mr. Latif as the child's father. Exhibit C.

13

not require a plaintiff to exhaust state remedies, as long as there are adequate state remedies available, plaintiff's right to procedural due process has not been violated. *See Schwartz* at 941.

Finally, Plaintiff's displeasure with HFS's involvement in and enforcement of the child support order in the Cook County Case does not give rise to an actionable due process violation. Plaintiff argues that her Cook County Case is not a IV-D Program case and HFS should not be involved in any enforcement actions. *See* ECF 6 ¶ 9. A child support order entered in a state court domestic relations case does not, by itself, subject the order to the IV-D Program. Instead, in Illinois, Title IV-D cases are administered by voluntary application and referral to HFS or by a qualifying circumstance (*e.g.* public assistance). Plaintiff mistakenly believes that a notation on the docket for the Cook County Case "explicitly designate[s]" whether a child support case is subject to the IV-D Program. *Id*. Federal and State laws and regulations expressly authorize and require HFS to collect and enforce past-due child support owed by Plaintiff. Plaintiff's substantive and procedural due process claims fail and should be dismissed.

B. **Plaintiff fails to state an equal protection claim under the 14th Amendment.**

Plaintiff claims HFS has failed to provide her procedural safeguards, such as notice and the opportunity to be heard regarding her license suspension, that have been provided to other similarly situated licensed professionals. ECF 6 ¶ 23. An equal protection claim requires a plaintiff to show they are a member of a protected class, or they have been denied a fundamental right. *See Srail v. Vill. of Lisle*, 588 F.3d 940, 943 (7th Cir 2009). Plaintiff provides no evidence as to either. Further, Plaintiff had a child support obligation she failed to pay, resulting in a past-due child support arrearage balance. As a result, pursuant to the Illinois Public Aid Code and Illinois Administrative Code, HFS sought enforcement in the same manner they would against

any other obligor who meets the statutory requirements for enforcement. Plaintiff's equal protection claims fail and should be dismissed.

### C. Plaintiff fails to state proper claims under the Eighth Amendment.

Plaintiff alleges HFS sought suspension of her nursing licenses based upon an invalid child support order, resulting in an erroneous past-due balance, therefore, violating the Eighth Amendment's prohibition on excessive fines. ECF 6 ¶ 14. Plaintiff's bald assertions that she is not subject to a valid child support order cannot be squared with the state court orders that are readily available in the public record. **Exhibits A, B, F** and **G**. The Complaint is devoid of any specific factual allegations that, if true, could plausibly explain away the existence of these orders or the significant arrearages that have accrued under them. However, assuming that the Eighth Amendment would apply to such a situation, suspension of Plaintiff's nursing licenses does not violate of the Eighth Amendment because the suspension is not permanent. *See Coleman v. Watt*, 40 F.3d 255, 263 (8th Cir.1994) ("deprivation by the government must be intended to be permanent to constitute a fine"). In this case, as the October 20, 2024 Notices explained, the license suspension can be lifted should Plaintiff pay the past-due balance in full or enter into a payment plan. *See* ECF 6, Ex A, Notices. Plaintiff's Eighth Amendment claim fails and should be dismissed.

## CONCLUSION

For the foregoing reasons, HFS respectfully request that this Court grant this motion to dismiss with prejudice.

          Respectfully Submitted,
          KWAME RAOUL
          Illinois Attorney General

By: */s/ Anna Leonard*
   */s/ Joseph Arias*
   Assistant Attorneys General
   *Counsel for Defendant HFS*
   115 S. LaSalle St., 30th Floor
   Chicago, Illinois 60603
   (224) 922-8047
   Anna.Leonard@illinois.gov
   Joseph.Arias@illinois.gov