EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS<br>
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

|  |  |  |
|---|---|---|
| IN RE: THE PARENTAGE OF: | ) | |
| | ) | |
| NASSEEM LATIF, | ) | |
| Petitioner, | ) | |
| and | ) | No. 2011D579053 |
| | ) | Calendar Y |
| KIMBERLY LOPEZ | ) | |
| Respondent. | ) | |

<strong><u>ORDER OF COURT</u></strong>

THIS MATTER coming before the Court following the referral to the Hearing Officer Ryan, consistent with the Court Order entered by the Honorable Judge Barrett on October 18, 2023, directing the Hearing Officer to conduct a hearing regarding child support; The Law Office of Raed Shalabi, Ltd. appearing on behalf of the Petitioner, Nasseem Latif , who was also present and the Respondent, Kimberly Lopez,  appearing *pro se* via zoom video conference on November 30, 2023; the Hearing Officer, having reviewed the financial documentation provided by the parties, relevant Motions, Court Orders, and having heard the sworn testimony of the parties, the Respondent not agreeing to the hearing officer recommendations and finds, the parties appeared before the Court on 12/28/23, and the COURT HEREBY FINDS:

1. The parties have one (1) child, namely Bella Lopez Allsot, born on May 4, 2011

2. The Respondent presently has zero (0) overnights per year with the minor child.

3. The Petitioner testified that he is employed full time, and works for various delivery and driving apps including Uber, Amazon and Doordash.

4. The Petitioner's Financial Affidavit lists $1,800 as his gross monthly income from employment, which is less than minimum wage.

5. For purposes of calculating child support, the hearing officer imputed mime wage income to the Petitioner in the amount of $13 per hour for an imputed gross income of $2,253 per month.

6. The Respondent failed to tender her Financial Affidavit or any income documentation prior to the hearing.

7. During the hearing, the Respondent testified that she recently commenced new employment in September of 2023 and, over the last two months, she has earned a net income in the amount of $6,000 per month.

8. Following the hearing, the Respondent tendered her completed Financial Affidavit and paystubs from her new employment along with her 2022 income tax return.

9. The Respondent's Financial Affidavit lists $10,375 as her gross monthly income, which is the figure the hearing officer used when calculating the statutory guideline for child support.

10. The Respondent is providing health insurance for the minor child. There are three people covered by the plan. The Respondent pays a total of $898 per month for health insurance coverage, $104 per month for dental coverage and $12.43 per month for vision coverage. The Family Law Software calculations reflects that the portion of said monthly insurances costs that is allocable to Bella's coverage is $388 per month

11. For purposes of calculating child support, the Hearing Officer used $2,253 as the Petitioner's imputed gross monthly income and $9,000 as the Respondent's gross monthly income.

12. Pursuant to the statutory guidelines set forth at 750 ILCS 5/505, the Respondent owes the Petitioner $1,182 per month for baseline child support. This figure was calculated in accordance with the statutory guidelines set forth at 750 ILCS 5/505 of the Illinois Marriage and Dissolution of Marriage Act and includes a credit to the Respondent for the payment of the child's monthly health, dental and vision insurance. .

13. The Petitioner earns approximately 25% of the combined net income of the parties and the Respondent earns approximately 75% of the combined net income of the parties.

14. The Petitioner testified that the child has been residing with him on a full-time basis since December of 2020 and that the Respondent has not contributed to Bella's expenses.


IT IS HEREBY ORDERED:

A. The statutory guideline for child support owed by the Respondent to the Petitioner is $1,018.00 per month. Payments shall be submitted through the Illinois State Disbursement Unit.

B. The parties shall split all direct expenses for the minor child 75/25 with the Petitioner being responsible for 25% of said expenses and the Respondent being responsible for 75% of said expenses. Direct expenses for the minor child shall include, but not necessarily be limited to, out of pocket medical expenses, educational expenses and agreed upon extracurricular activity expenses.

C. Within fourteen (14) days of paying a direct expense for the minor child, the Petitioner shall submit proof of payment (receipts, invoices, etc.) to the Respondent via our family wizard (or other agreed upon communication platform). The Respondent shall have

fourteen (14) days from receipt of the email with proof of payment to reimburse the Petitioner for her 75% . Payments for direct expenses shall be exchanged via Zelle, Venmo, or other agreed upon electronic payment app and not through the Illinois State Disbursement Unit.

D. A Uniform Order for Support shall be entered in connection herewith which reflects the terms and payment schedule set forth herein with retroactive support from July 1, 2023 to December 23, 2023 in the amount of $6,108.00 with the parties referred back to the hearing officer to determine retroactive support for 2021, 2022, and 2023.

E. The terms of this Order shall not impact any unpaid support that may be due and owing to the Illinois Department of Healthcare and Family Services (IDHFS).

Date: December 28, 2023

Judge Bernadette Barrett

DEC 2 8 2023

Circuit Court - 2319

ENTER:

_____  # 2318  _____

JUDGE                                         Date

12/28/2023

## ILLINOIS CHILD SUPPORT GUIDELINE CALCULATION (eff. 1/1/2019)

| | | County: |
|---|---|---|
| Nas vs. | | Case number: |
| Custodial Parent: Number of Children: 1 | | |

| | First Party | Second Party | Combined |
|---|---|---|---|
| **Gross Income:** | | | |
| 1. Salary/wages, per month. | 2,253 | 9,000 | |
| 2. Taxable maintenance received and paid, per month. | 0 | 0 | |
| 3. Other Income | 0 | 0 | |
| 4. Gross Income, per month. (lines 1 through 3) | 2,253 | 9,000 | |
| | | | |
| **Deductions and Adjustments:** | | | |
| 5. Federal income tax minus SE tax, per month. | (431) | 1,321 | |
| 6. State income tax, per month. | 29 | 436 | |
| 7. FICA tax per month. | 0 | 558 | |
| 8. Self-Employment tax, per month. | 318 | 0 | |
| 9. Medicare tax, per month. | 0 | 131 | |
| 10. Mandatory retirement plan deductions, per month. | 0 | 0 | |
| 11. Total Taxes (Actual taxes /Actual taxes ). | (84) | 2,446 | |
| 12. Non-taxable maintenance received and paid, per month. | 0 | 0 | |
| 13. Net income before adjustments (line 4 - 11 + 12) | 2,337 | 6,554 | |
| 14. Adjustment for children of other relationships | | | |
| 15. Adjustment for child support on other relationships | 0 | 0 | |
| 16. Total adjustments (line 12 + 14 + 15) | 0 | 0 | |
| 17. Net Income after dedn and adj (line 13 - line 16) | 2,337 | 6,554 | 8,891 |
| | | | |
| **Basic Obligation (from table):** | | | |
| 18. Percent of combined net income (party's ln 17 / combined) | 26.29 | 73.71 | |
| 19. Preliminary basic obligation and party's share | 400 | 1,120 | 1,520 |
| 20. Average # of overnights | 365.00 | 0.00 | |
| 21. Percent of overnights (line 20 / 365 days) | 100.00 | 0.00 | |
| 22. If shared parenting applies, 150% of line 19. | | | |
| 23. Shared par. oblig btw parents (ln 22 * other's ln 21) | | | |
| 24. Basic or shared oblig (ln 19 or net of parties' ln 23) | | 1,120 | |

**Child Support Add-Ons:** (Recipient numbers are "information only." Support is amount in Obligor's column.)

| | First Party | Second Party | Combined |
|---|---|---|---|
| 25. Minimum (blank unless Obligor gross < $911) | | | |
| 26. Greater of calculated and minimum obligation | 0 | 1,120 | |
| 27. Child care net of credit and obligor's share | 0 | 0 | 0 |
| 28. Obligor's child care expenditure | 0 | 0 | |
| 29. Addition to / subtraction from obligation (ln 27 - 28) | 0 | 0 | |
| 30. Health insurance total and obligor's share | 102 | 286 | 388 |
| 31. Obligor's health insurance expenditure | 0 | 388 | |
| 32. Addition to / subtraction from obligation (ln 30 - 31) | 102 | (102) | |
| 33. Credit to obligor for derivative Social Security | 0 | 0 | |
| 34. Addition for extracurrriculars and school expenses | 0 | 0 | |
| 35. Addition for unreimbursed medical, etc. | 0 | 0 | |
| 36. Total obligation (lines 26+29+32+33+34+35) | | 1,018 | |

| PREPARED BY | TITLE | DATE |
|---|---|---|
| | | 12/28/2023 |

Licensed to Judicial Branch, State of Illinois. All other uses prohibited by law. (c) Family Law Software, Inc. v.25.01 12/28/2023 3:31pm