UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY LOPEZ, | ) | Case No. 25-cv-457 |
| *Plaintiff(s),* | ) | Hon. Tharp, Jr. |
| v. | ) | |
| IDFPR, et al., | ) | |
| *Defendant(s).* | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HFS'S**

**MOTION TO DISMISS (DKT. 78)**

Plaintiff Kimberly Lopez, pro se, respectfully submits this response in

opposition to the Motion to Dismiss filed by Defendant Illinois Department of

Healthcare and Family Services ("HFS").

**INTRODUCTION**

Defendant HFS's motion rests on a foundation of sand. Its entire authority to

act against Plaintiff derives from a series of state-court orders that are facially void

ab initio. A void judgment is a legal nullity; it is nothing, and it confers no rights

and no authority. Accordingly, HFS's arguments for federal abstention and

immunity, including under the Rooker-Feldman doctrine, Younger abstention, the

1

domestic relations exception, and the Eleventh Amendment, are inapplicable from the outset. An unconstitutional state enforcement action predicated on a void order is not an affair from which a federal court must abstain; it is a federal constitutional injury demanding a federal remedy.

Further, void orders are not entitled to full faith and credit in federal court. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) ("A judgment is not void… simply because it is erroneous. Rule 60(b)(4) applies only where there is a jurisdictional defect or violation of due process."). The orders HFS relies on suffer from both.

The official Cook County Circuit Court docket for the underlying state case (No. 2011D579053), attached as Exhibit 1, provides irrefutable proof of the state proceeding's invalidity. It confirms the case was initiated as a "Non IV-D" parentage action, meaning HFS had no initial role. More importantly, it shows that Plaintiff's state-court appeal was dismissed not for want of prosecution as HFS falsely claims, but for "Want of Jurisdiction," indicating the orders were not final and defeating HFS's abstention arguments. As another court in this district recently and persuasively held when analyzing the same state-court background, the abstention doctrines HFS invokes are narrow and do not apply to private custody disputes. See Lopez v. Kubalanza, No. 1:24-cv-13340 (N.D. Ill. Aug. 11, 2025) (Kennelly, J.). HFS cannot launder void state-court orders through its administrative process to suspend Plaintiff's professional licenses and then shield that unconstitutional conduct from federal review. Because HFS acted without lawful authority and

inflicted independent constitutional injuries upon Plaintiff, its Motion to Dismiss must be denied.

ARGUMENT

## I. The State-Court Orders Are Void Ab Initio, Precluding Federal Abstention and Immunity.

Before addressing HFS's specific arguments, this Court must first recognize the legal status of the state-court orders HFS purported to enforce. Under settled Illinois law, these orders are void for multiple, independent reasons. A void order has no legal effect and can be attacked at any time, directly or collaterally. *Herrera v. Herrera*, 2021 IL App (1st) 200850, ¶ 21; *Sarkissian v. Chicago Bd. of Educ.*, 201 Ill. 2d 95, 103 (2002). "It is a nullity that may be disregarded." *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 38. A void judgment may even be attacked in any court. *Settlement Funding, LLC v. Brenston*, 2013 IL App (4th) 120869, ¶ 12. Therefore, the doctrines of federal deference HFS invokes do not apply, as there is no valid state judgment to which this Court could defer.

## A. The State Court Docket Confirms HFS Had No Lawful Basis to Intervene.

The official court docket for Case No. 2011D579053 explicitly designates the case type as "Petition to Establish Parentage (Non IV-D)." (Ex. I, at 1). This is a judicial admission that HFS had no involvement from the case's inception in 2011 until a court order triggered its participation. The docket shows that trigger was the

purported order of December 28, 2023, which for the first time directed payments to the State Disbursement Unit (S.D.U.). (Ex. I, at 7). This proves HFS's authority is not administrative or automatic; it flows exclusively from that specific court order. If that order is void, as argued herein, then the case was never validly converted to a Title IV-D enforcement matter, and every subsequent action taken by HFS, including its notices and license suspension directives, is void for lack of subject-matter jurisdiction.

**B. Lack of Subject-Matter Jurisdiction Due to Fictitious "Marriage."**

The purported "Uniform Order for Support" (Dkt. 78-1, Ex. A & B) that serves as the basis for all of HFS's enforcement actions is captioned "In re: The Marriage of: Nasseem Latif and Kimberly Lopez." It is undisputed that Plaintiff and Mr. Latif were never married. A proceeding under the Illinois Marriage and Dissolution of Marriage Act requires a marriage. Without one, the state court lacked subject-matter jurisdiction to enter a dissolution-of-marriage order, rendering it void ab initio.

**C. Failure to Join an Indispensable Party Deprived the Court of Jurisdiction.**

The underlying parentage action was jurisdictionally defective from its inception. At the time of the child's birth in 2011, Plaintiff was and remains married to Peter J. Allsot. Under the Illinois Parentage Act, Mr. Allsot is the child's presumed father. 750 ILCS 46/204(a)(1). A presumed father is an indispensable

4

party to any action to determine the parentage of a child. The failure to join Mr. Allsot deprived the state court of jurisdiction to adjudicate parentage and enter a valid support order against Plaintiff. See *J.S.A. v. M.H.*, 224 Ill. 2d 182, 204-05 (2007). Moreover, the Illinois Parentage Act specifies which parties, a child, mother, or putative parent, may bring an action to disestablish a parent-child relationship. *In re M.B.,* 2022 IL App (5th) 220245, ¶ 14. The State is not among those authorized parties and thus could not bring such an action. See *In re N.C.,* 2014 IL 116532, ¶ 21 (holding the State is not statutorily authorized to bring a disestablishment action under the Parentage Act). The State's intervention to enforce an order in a case suffering from this jurisdictional defect was improper.

**D. Procedurally Defective and Unenforceable Orders.**

The orders HFS relies on are invalid on their face. The December 28, 2023 Order (Dkt. 78-1, Ex. A) contains numerous unauthorized handwritten alterations and interlineations. It concludes not with a judge's signature, but with an illegible scribble. Illinois Supreme Court Rule 131(d) requires that orders be signed and clearly identify the signing judge. An order that fails to meet these basic requirements is not validly entered and cannot be enforced. Because the underlying state orders suffer from incurable jurisdictional and procedural defects, they are void.

**E. Purported "Agreed" Orders Are Void for Lack of Consent.**

The state court orders issued after June 13, 2013, are procedurally defective and void for lack of consent. Under Illinois law, an "agreed order" is a form of contract, and its validity is dependent on the consent of the parties, a true "meeting of the minds." *Draper & Kramer, Inc. v. King*, 2014 IL App (1st) 132073, ¶ 24. A party's signature is the primary evidence of that consent. An order that purports to be agreed upon but lacks a party's signature is unenforceable as a consent decree against that party. See *Silvestros v. Silvestros*, 206 Ill. App. 3d 84, 87 (1990). Here, the absence of Plaintiff's signature on any order entered after June 13, 2013, is dispositive proof that she did not consent to its terms. Therefore, these are not valid "agreed orders" but void pronouncements resulting from a complete failure of contract formation. To the extent HFS relies on these documents, it is relying on orders that are void ab initio as to the Plaintiff and their enforcement constitutes a fundamental violation of procedural due process.

## F. The Circuit Court Was Divested of Jurisdiction After the Appellate Mandate.

The circuit court's recent orders are also void because the court was divested of jurisdiction. Under Ill. Sup. Ct. R. 369(b), once an appellate mandate issues, the circuit court's authority to act is strictly limited by the terms of that mandate. Here, the mandate of January 13, 2025, dismissed the case; it did not remand for further proceedings. The dismissal terminated the litigation. In a recent, analogous case, the Illinois Appellate Court held that where the circuit court clerk never filed the appellate mandate, the trial court was never properly revested with jurisdiction,

rendering its subsequent orders void. *Law Offices of Brendan R. Appel, LLC v. Georgia's Restaurant and Pancake House, Inc.*, 2025 IL App (1st) 231573, ¶ 1. Here, the mandate was filed, but it dismissed the case, thereby terminating jurisdiction. For the court to regain jurisdiction, a new action would need to be filed. No new action was filed. Therefore, all subsequent proceedings, including the ex parte orders of August 15, 2025, were conducted without jurisdiction and are void ab initio. As the Illinois Supreme Court has held, courts have an independent, affirmative duty to vacate void orders. *People v. Thompson*, 209 Ill. 2d 19, 27 (2004).

## G. Violations of Illinois Supreme Court Rule 137

Illinois Supreme Court Rule 137 requires every pleading, motion, or other paper be signed by the attorney of record, or by the party herself if unrepresented. An unsigned paper "shall be stricken" unless promptly corrected. Ill. Sup. Ct. R. 137(a). Nearly all filings after June 2013, including purported "agreed" orders, lacked Plaintiff's signature and were nevertheless enforced. Because an agreed order is contractual in nature, lack of the party's consent renders it void. *Draper & Kramer, Inc. v. King*, 2014 IL App (1st) 132073, ¶ 24; *Silvestros v. Silvestros*, 206 Ill. App. 3d 84, 87 (1990). Rule 137 itself required that such papers be stricken. Enforcement of unsigned orders compounds the jurisdictional defects already identified and independently renders them void.

## II. This Court Possesses Subject-Matter Jurisdiction.

## A. Void Judgments Not Entitled to Preclusion or Full Faith and Credit.

7

HFS may argue that Plaintiff's claims are barred by res judicata or that this Court must extend full faith and credit under 28 U.S.C. § 1738. That argument fails because void judgments have no preclusive effect. Settlement Funding, LLC v. Brenston, 2013 IL App (4th) 120869, ¶ 12. Nor does § 1738 apply where the underlying state orders are jurisdictionally void. *Espinosa, 559 U.S.* at 270.

HFS raises a slate of jurisdictional challenges, each of which fails because HFS misapprehends the narrow scope of these doctrines and ignores the nature of Plaintiff's claims, particularly in light of the official court record.

## A. The Rooker-Feldman Doctrine is Inapplicable Because the State-Court Order Is Not Final.

HFS erroneously claims the Rooker-Feldman doctrine bars Plaintiff's suit. The Seventh Circuit, sitting en banc, has clarified that the doctrine is narrow and applies only where four elements are met, the second of which is that "the state-court judgment must have become final before the federal proceedings began." *Gilbank v. Wood Cnty. Dep't of Human Servs.,* 111 F.4th 754, 766 (7th Cir. 2024) (en banc). HFS's argument for finality is based on a fundamental misrepresentation of the state-court record.

HFS asserts that Plaintiff's state-court appeal was "dismissed for want of prosecution." (Dkt. 78 at 6). This is misleading. The official Cook County Circuit Court **docket** records the legal effect of the appellate court's action differently. The

docket contains an entry from January 13, 2025, which states: "Appellate Court Mandate - Dismissed For Want Of Jurisdiction." (Ex. I, at 2). A dismissal for "want of jurisdiction" is legally distinct from a dismissal for "want of prosecution." A dismissal for lack of appellate jurisdiction means the appellate court lacked authority to hear the appeal, often because the underlying order was not final and appealable. See *Masters Transp., Inc. v. G&P Auto Parts, Inc.*, 2020 IL App (1st) 191075, ¶ 14. This conflicting record defeats any claim of a final judgment. See *Stewart v. JPMorgan Chase Bank, N.A.*, 716 F.Supp.3d 677, 683 (N.D. Ill. 2024) (*Rooker-Feldman* inapplicable where state action had not yet concluded). Indeed, a state-court order that is void is insufficient to trigger *Rooker-Feldman* at all. See *In re Benalcazar*, 283 B.R. 514, 524 (*Bankr*. N.D. Ill. 2002). Because the state-court judgment has not "become final," the doctrine does not apply.

**B. Younger Abstention Does Not Apply.**

HFS's reliance on Younger abstention is misplaced. Younger applies only in three "exceptional" circumstances. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013). This case fits none of those categories. The underlying state case was a private parentage dispute, which does not constitute the type of "quasi-criminal" or state-initiated civil enforcement proceeding that warrants abstention. See *Greene v. Raffensperger*, 599 F.Supp.3d 1283, 1313 (N.D. Ga. 2022) (noting that civil enforcement actions are typically initiated by the state in its sovereign capacity); *375 Slane Chapel Road, LLC v. Stone County, Missouri*, 53 F.4th 1122, 1126 (8th Cir. 2022) (finding no exceptional circumstances justifying abstention where

proceeding was not quasi-criminal). HFS's later intervention cannot convert the private dispute into a state enforcement proceeding that justifies federal abstention.

## C. The State Proceedings Are Tainted by Bad Faith and Bias, Barring Abstention.

Even if the state case fell into a *Younger* category, abstention is inappropriate because the state proceedings have been conducted in bad faith and under extraordinary circumstances that make a fair hearing impossible. Federal courts must not abstain where a state proceeding "is brought in bad faith or for the purpose of harassment" or where other "extraordinary circumstances" exist. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 611 (1975). On August 15, 2025, the court entered ex parte orders changing the child's legal name, and notice was sent days later to a law firm that no longer represents Plaintiff. This demonstrates a systemic failure of due process. Further, Plaintiff's pending state-court motion to vacate has been assigned to Judge Bernadette Barrett, a named defendant in this very federal lawsuit. This creates a non-waivable conflict of interest under Illinois Supreme Court Rule 63(C)(1)(e). A fair hearing before a neutral magistrate is impossible, rendering the state forum inadequate and making abstention improper.

## D. The Domestic Relations Exception is Narrowly Construed.

The domestic relations exception is also inapplicable. This long-standing but "narrow" exception precludes federal courts only from issuing "divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Plaintiff

10

does not ask this Court to issue a new custody decree or modify an old one. She brings a § 1983 action alleging that a state agency violated her constitutional rights. Such claims "do not fall within the exception." *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018). The case arises out of a domestic relations dispute but does not seek a domestic relations remedy and therefore is not barred. See *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998) (holding that a tort action was not barred simply because it arose from a domestic dispute).

E. The Eleventh Amendment Does Not Bar Prospective Injunctive Relief.

While the Eleventh Amendment may bar claims for monetary damages against HFS as an agency of the state, it does not prevent suits for prospective injunctive relief against state officials to end an ongoing violation of federal law. *Ex parte Young*, 209 U.S. 123 (1908). Plaintiff seeks the reinstatement of her professional licenses and driver's license which have been and continue to be suspended by HFS. This continued suspension is an "ongoing violation" of her due process rights. The relief she seeks, an injunction ordering the reinstatement of her licenses, is the classic form of prospective relief permitted under *Ex parte Young*.

## III. Plaintiff Has Stated Plausible Claims for Relief.

HFS's argument that Plaintiff has failed to state a claim under Rule 12(b)(6) ignores the fundamental legal principle that enforcement of a void order is a constitutional violation in itself.

## A. Due Process Claim

Plaintiff has plausibly alleged a violation of her Fourteenth Amendment right to procedural due process. A professional license is a protected property interest. The deprivation of that interest by a state agency, based on a void court order, is a per se violation of due process. Any notice HFS provided regarding the suspension was constitutionally deficient because it was predicated on a non-existent legal obligation stemming from a void judgment. Notice of an intent to enforce a nullity is not meaningful notice.

## B. Equal Protection Claim

Plaintiff plausibly alleges an Equal Protection violation. While states may generally enforce valid support orders, HFS subjected Plaintiff to punitive enforcement absent statutory authority. The case was designated "Non IV-D" and no application or referral was ever made. Treating Plaintiff as though she were in the IV-D program, while others in identical circumstances are not, is arbitrary and irrational. That suffices under rational-basis review. See *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (class-of-one claims cognizable where plaintiff treated irrationally compared to others similarly situated).

## C. Eighth Amendment Claim

Plaintiff recognizes the Excessive Fines Clause traditionally applies to monetary sanctions. See *Timbs v. Indiana*, 139 S. Ct. 682, 689 (2019). Here, HFS imposed professional license suspensions directly tied to alleged arrears under a void order. That sanction is punitive, deprives Plaintiff of her livelihood, and is

grossly disproportionate given that the underlying debt is legally nonexistent. At minimum, this states an arguable claim for relief that should not be dismissed at the pleading stage.

Plaintiff's Eighth Amendment claim is also plausible. HFS argues the licenses suspension are not a permanent "fine." However, the suspension, which deprives Plaintiff of her livelihood, is a punitive sanction directly tied to a specified monetary amount. When that sanction is imposed to collect a debt established by a void order, a debt that legally does not exist, the sanction is inherently and grossly disproportionate to any legitimate state interest. Thus, it constitutes an excessive fine.

**CONCLUSION**

The state-court orders HFS enforced were nullities, void for lack of jurisdiction and fatal procedural defects, including violations of Illinois Supreme Court Rule 137's signature requirement. As such, HFS's enforcement actions were undertaken without lawful authority, giving rise to independent constitutional injuries. Abstention doctrines do not apply to void judgments, and void judgments are not entitled to preclusion or full faith and credit. At a minimum, dismissal of Plaintiff's damages claims would be reversible error under *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996).

For these reasons, Plaintiff respectfully requests that this Court DENY HFS's Motion to Dismiss in its entirety. Alternatively, if the Court concludes abstention applies, Plaintiff requests that her damages claims be stayed rather than dismissed.

Plaintiff waives no defenses, rebuttals, or arguments not specifically addressed in this Response, and expressly preserves all rights and claims.

Dated: September 2, 2025

Respectfully submitted,

/s/ Kimberly S. Lopez

Kimberly S. Lopez
Plaintiff, pro se
1695 Campos Dr.
The Villages, FL 32162
(708) 983-3934
kslopez777@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2025, I electronically filed the foregoing

Plaintiff's Response in Opposition to Defendant HFS's Motion to Dismiss with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: September 2 , 2025

 Respectfully submitted,

/s/ Kimberly S. Lopez

Kimberly S. Lopez

Plaintiff, pro se

1695 Campos Dr.

The Villages, FL 32162

(708) 983-3934

kslopez777@gmail.com