EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE: THE PARENTAGE OF: | ) | |
| | ) | |
| NASSEEM LATIF, | ) | |
| Petitioner, | ) | |
| and | ) | No. 2011D579053 |
| | ) | Calendar Y |
| KIMBERLY LOPEZ | ) | |
| Respondent. | ) | |

**ORDER OF COURT**

THIS MATTER coming before the Court following the referral to the Hearing Officer Ryan, consistent with the Court Order entered by the Honorable Judge Barrett on October 18, 2023, directing the Hearing Officer to conduct a hearing regarding child support; The Law Office of Raed Shalabi, Ltd. appearing on behalf of the Petitioner, Nasseem Latif , who was also present and the Respondent, Kimberly Lopez,  appearing *pro se* via zoom video conference on November 30, 2023; the Hearing Officer, having reviewed the financial documentation provided by the parties, relevant Motions, Court Orders, and having heard the sworn testimony of the parties, the Respondent not agreeing to the hearing officer recommendations and finds, the parties appeared before the Court on 12/28/23, and the COURT HEREBY FINDS:

1. The parties have one (1) child, namely Bella Lopez Allsot, born on May 4, 2011

2. The Respondent presently has zero (0) overnights per year with the minor child.

3. The Petitioner testified that he is employed full time, and works for various delivery and driving apps including Uber, Amazon and Doordash.

4. The Petitioner's Financial Affidavit lists $1,800 as his gross monthly income from employment, which is less than minimum wage.

5. For purposes of calculating child support, the hearing officer imputed mime wage income to the Petitioner in the amount of $13 per hour for an imputed gross income of $2,253 per month.

6. The Respondent failed to tender her Financial Affidavit or any income documentation prior to the hearing.

7. During the hearing, the Respondent testified that she recently commenced new employment in September of 2023 and, over the last two months, she has earned a net income in the amount of $6,000 per month.

8. Following the hearing, the Respondent tendered her completed Financial Affidavit and paystubs from her new employment along with her 2022 income tax return.

9. The Respondent's Financial Affidavit lists $10,375 as her gross monthly income, which is the figure the hearing officer used when calculating the statutory guideline for child support.

10. The Respondent is providing health insurance for the minor child. There are three people covered by the plan. The Respondent pays a total of $898 per month for health insurance coverage, $104 per month for dental coverage and $12.43 per month for vision coverage. The Family Law Software calculations reflects that the portion of said monthly insurances costs that is allocable to Bella's coverage is $388 per month

11. For purposes of calculating child support, the Hearing Officer used $2,253 as the Petitioner's imputed gross monthly income and $9,000 as the Respondent's gross monthly income.

12. Pursuant to the statutory guidelines set forth at 750 ILCS 5/505, the Respondent owes the Petitioner $1,182 per month for baseline child support. This figure was calculated in accordance with the statutory guidelines set forth at 750 ILCS 5/505 of the Illinois Marriage and Dissolution of Marriage Act and includes a credit to the Respondent for the payment of the child's monthly health, dental and vision insurance. .

13. The Petitioner earns approximately 25% of the combined net income of the parties and the Respondent earns approximately 75% of the combined net income of the parties.

14. The Petitioner testified that the child has been residing with him on a full-time basis since December of 2020 and that the Respondent has not contributed to Bella's expenses.

IT IS HEREBY ORDERED:

A. The statutory guideline for child support owed by the Respondent to the Petitioner is $1,018.00 per month. Payments shall be submitted through the Illinois State Disbursement Unit.

B. The parties shall split all direct expenses for the minor child 75/25 with the Petitioner being responsible for 25% of said expenses and the Respondent being responsible for 75% of said expenses. Direct expenses for the minor child shall include, but not necessarily be limited to, out of pocket medical expenses, educational expenses and agreed upon extracurricular activity expenses.

C. Within fourteen (14) days of paying a direct expense for the minor child, the Petitioner shall submit proof of payment (receipts, invoices, etc.) to the Respondent via our family wizard (or other agreed upon communication platform). The Respondent shall have

fourteen (14) days from receipt of the email with proof of payment to reimburse the Petitioner for her 75% . Payments for direct expenses shall be exchanged via Zelle, Venmo, or other agreed upon electronic payment app and not through the Illinois State Disbursement Unit.

D.  A Uniform Order for Support shall be entered in connection herewith which reflects the terms and payment schedule set forth herein with retroactive support from July 1, 2023 to December 23, 2023 in the amount of $6,108.00 with the parties referred back to the hearing officer to determine retroactive support for 2021, 2022, and 2023.

E.  The terms of this Order shall not impact any unpaid support that may be due and owing to the Illinois Department of Healthcare and Family Services (IDHFS).

Date: December 28, 2023

Judge Bernadette Barrett

DEC 2 8 2023

Circuit Court - 2319

ENTER:

_____  # 2319  _____
JUDGE                                      Date

## ILLINOIS CHILD SUPPORT GUIDELINE CALCULATION (eff. 1/1/2019)

Nas _____ vs. _____

County: _____

Case number: _____

Custodial Parent: _____ Number of Children: 1

| | First Party | Second Party | Combined |
|---|---|---|---|
| **Gross Income:** | | | |
| 1. Salary/wages, per month. | 2,253 | 9,000 | |
| 2. Taxable maintenance received and paid, per month. | 0 | 0 | |
| 3. Other Income | 0 | 0 | |
| 4. Gross Income, per month. (lines 1 through 3) | 2,253 | 9,000 | |
| | | | |
| **Deductions and Adjustments:** | | | |
| 5. Federal income tax minus SE tax, per month. | (431) | 1,321 | |
| 6. State income tax, per month. | 29 | 436 | |
| 7. FICA tax per month. | 0 | 558 | |
| 8. Self-Employment tax, per month. | 318 | 0 | |
| 9. Medicare tax, per month. | 0 | 131 | |
| 10. Mandatory retirement plan deductions, per month. | 0 | 0 | |
| 11. Total Taxes (Actual taxes___ /Actual taxes___ ) | (84) | 2,446 | |
| 12. Non-taxable maintenance received and paid, per month. | 0 | 0 | |
| 13. Net income before adjustments (line 4 - 11 + 12) | 2,337 | 6,554 | |
| 14. Adjustment for children of other relationships | | | |
| 15. Adjustment for child support on other relationships | 0 | 0 | |
| 16. Total adjustments (line 12 + 14 + 15) | 0 | 0 | |
| 17. Net Income after dedn and adj (line 13 - line 16) | 2,337 | 6,554 | 8,891 |
| | | | |
| **Basic Obligation (from table):** | | | |
| 18. Percent of combined net income (party's ln 17 / combined) | 26.29 | 73.71 | |
| 19. Preliminary basic obligation and party's share | 400 | 1,120 | 1,520 |
| 20. Average # of overnights | 365.00 | 0.00 | |
| 21. Percent of overnights (line 20 / 365 days) | 100.00 | 0.00 | |
| 22. If shared parenting applies, 150% of line 19. | | | |
| 23. Shared par. oblig btw parents (ln 22 * other's ln 21) | | | |
| 24. Basic or shared oblig (ln 19 or net of parties' ln 23) | | 1,120 | |

**Child Support Add-Ons:** (Recipient numbers are "information only." Support is amount in Obligor's column.)

| | First Party | Second Party | Combined |
|---|---|---|---|
| 25. Minimum (blank unless Obligor gross < $911) | | | |
| 26. Greater of calculated and minimum obligation | 0 | 1,120 | |
| 27. Child care net of credit and obligor's share | 0 | 0 | 0 |
| 28. Obligor's child care expenditure | 0 | 0 | |
| 29. Addition to / subtraction from obligation (ln 27 - 28) | 0 | 0 | |
| 30. Health insurance total and obligor's share | 102 | 286 | 388 |
| 31. Obligor's health insurance expenditure | 0 | 388 | |
| 32. Addition to / subtraction from obligation (ln 30 - 31) | 102 | (102) | |
| 33. Credit to obligor for derivative Social Security | 0 | 0 | |
| 34. Addition for extracurrriculars and school expenses | 0 | 0 | |
| 35. Addition for unreimbursed medical, etc. | 0 | 0 | |
| 36. Total obligation (lines 26+29+32+33+34+35) | | 1,018 | |

| PREPARED BY | TITLE | DATE |
|---|---|---|
| | | 12/28/2023 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 25 CV 457 |
| | ) | |
| ILLINOIS DEPTMENT OF HEALTHCARE | ) | Hon. John J. Tharp, Jr. |
| AND FAMILY SERVICES, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT ILLINOIS DEPT. OF HEALTHCARE AND FAMILY SERVICES MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COMES Defendant, the Illinois Department of Healthcare and Family Services ("HFS"), by its attorney, KWAME RAOUL, Illinois Attorney General, and pursuant to Fed. R. Civ. P. 2(b)(1) and (6), hereby moves this Court to dismiss the claims in Plaintiff's Complaint.

## INTRODUCTION

Plaintiff's allegations arise out of *Nasseem Latif v. Kimberly Lopez*, Cook County Case No. 2011D579053 ("Cook County Case"), a pending case in the Cook County Domestic Relations Division involving state court child custody and support proceedings between Plaintiff and Nasseem Latif. As a result of state child support enforcement efforts, Plaintiff's three professional nursing licenses have been administratively suspended. Plaintiff asserts violations of her civil rights pursuant to 42 U.S.C. §§ 1983, which violations she contends implicate the Sixth, Eighth, and Fourteenth Amendments. *See* ECF 6 ¶¶ 1, 12-17, Ct. I, II. Plaintiff seeks declaratory, injunctive, and compensatory relief. *Id*. Ct. III.

The gist of Plaintiff's contentions against HFS appears to be that there is no enforceable child support order entered against Plaintiff in the Cook County Case and HFS implemented

child support enforcement remedies without Plaintiff's willingness to participate in HFS' Title

IV-D child support program ("IV-D Program").[1] *See* ECF 6 ¶ 9. HFS's enforcement of the child

support order, Plaintiff asserts, amounts to a denial of due process and equal protection, and

imposition of excessive fines by conspiring State agencies. *See* ECF 6 ¶ 8, Ct. I, II.

Plaintiff's claims against HFS should be dismissed with prejudice because: (1) this court

lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, domestic relations

exception, and federal abstention doctrine; (2) to the extent that Plaintiff's state court case is

ongoing, this case should be dismissed pursuant to the *Younger* abstention doctrine; (3) this case

is barred by the Eleventh Amendment; and (4) Plaintiff has failed to state a claim upon which

relief may be granted and amendments to the Complaint would be futile.

## OVERVIEW OF STATE AND ADMINISTRATIVE PROCEDURAL HISTORY

### *The Cook County Domestic Relations Case*

Plaintiff's case arises from HFS's efforts to enforce past due child support for a child,

Bella, pursuant to certain orders entered Plaintiff's Cook County Case. Presently, Plaintiff must

pay child support to Mr. Latif, Bella's custodial parent. Early in the Cook County Case, the roles

were reversed, and Mr. Latif was ordered to pay support to Plaintiff.[2] However, as of the Orders

entered December 28, 2023, Plaintiff had zero overnights per year with the parties' minor child

and was ordered to pay child support to Mr. Latif.[3] **Exhibit A, B**.[4] Further, on February 20,

2024, the Court ordered the Bureau of Vital Statistics to issue a corrected birth certificate for the

---

[1] The Title IV-D program, established under Title IV-D of the Social Security Act, is a federally required program providing parentage and child support establishment and enforcement services. In Illinois, the Title IV-D program is administered by HFS, Division of Child Support Services.

[2] As reflected in ECF 6, Plaintiff's Exhibit A, the three Orders entered between August 2012 and June 2012.

[3] Effective January 1, 2024, Plaintiff was ordered to pay $1,018.00 per month in current child support and $203.60 month towards $6,108.00 in retroactive support for the period of July 1, 2023 to December 31, 2023.

[4] This Court may take judicial notice of the information provided in the Exhibits. See Fed. R. Evid. 201(b)(2).

child, officially changing her name to "Bella Latif" and listing Mr. Latif as the child's father.[5]
**Exhibit C**.

On February 29, 2024, the Court entered an Order on Rule to Show Cause against
Plaintiff for failure to comply with the December 28, 2023 child support Order. **Exhibit D**. On
April 30, 2024, Plaintiff appeared at her contempt hearing self-represented and was found to be
in indirect civil contempt because she failed to prove the existence of any legally sufficient
reason for non-compliance with the December 28, 2023 support order or show that she had not
acted willfully or contumaciously. **Exhibit E**. She was ordered committed to the Cook County
Jail until purging herself of contempt by paying $3,500.00. *Id.* ¶ 5. Commitment was stayed until
May 23, 2024 to give her time to make the purge payment. *Id.* ¶ 5-6, 10. Further, on April 30,
2024, the Court entered a modified Uniform Order for Support.[6] **Exhibit F, G**.

On May 23, 2024, Plaintiff filed a Notice of Appeal. On May 24, 2024, she filed an
"Emergency Stay Pending Appeal," which the Appellate Court allowed on June 13, 2024: "the
enforcement of the commitment order is stayed pending the resolution of this appeal." *See* ECF 6
at Ex. A, 6/13/24 Appellate Order. The Court warned Plaintiff that her failure to timely file the
record on appeal and opening brief could result in the stay being lifted. *Id.* On July 25, 2024, the
Appellate Court dismissed the appeal for want of prosecution. **Exhibit H**.

*HFS and IDFPR Administratively Enforce the Support Orders*

On October 20, 2024, HFS issued to Plaintiff three Notices of Intent to Request
Revocation, Suspension or Denial of Professional, Occupational or Recreational License.

---

[5] Apparently, the Bureau had not issued the corrected birth certificate as of September 10, 2024 because Plaintiff
has provided a birth certificate which appears to have been issued that day, but which still refers to the child as
"Bella Petronella Lopez-Allsot" and names Peter John Allsot as the child's father. (ECF 6 at Ex. A, Birth Certificate.)
[6] The modified order retained the same payment terms as the December 28, 2023 Uniform Order for Support but
further ordered that Plaintiff owed Mr. Latif $27,304.00 in retroactive support for the period of 1/1/21 to 12/31/23.

("Notices"). *See* ECF 6 at Ex. A, Notices. One Notice was issued for each of Plaintiff's professional licenses, and each was sent by U.S. Mail to Plaintiff's home address (16036 84th Pl., Tinley Park, IL 60487-7500) ("Tinley Park address"). *Id*.; *see also*, Ex. A, 12/31/24 Email. The Notices advised Plaintiff that she: (1) was at least 30 days past due in making her child support payments in the Cook County Case; (2) owed at least $16.491.60 as of October 15, 2025; and (3) had fourteen business days to contact HFS if she wished to avoid the suspension of her licenses by paying the past due amount, arranging a payment plan or requesting an administrative appeal of the balance. *Id*. at Notices.

On December 19, 2024, IDFPR issued three administrative orders suspending Plaintiff's professional licenses entitled "Suspension Order Due to Delinquent Child Support" (the "Suspension Orders"). *See* ECF 6 at Ex. A, Suspension Orders. Each of the Suspension Orders provides that IDFPR is acting pursuant to HFS's Notices because Plaintiff was more than thirty (30) days delinquent on her child support obligations. Each Suspension Order found that Plaintiff received the corresponding Notice, but she failed to adequately respond. *Id*. Plaintiff denies she received the Notices in October 2024 (ECF 6 ¶ 8), but admits that on or about December 19, 2024, she was informed that her three professional nursing licenses had been suspended by IDFPR. *Id*. at  Ct. IV, ¶¶ 7-8.

## **ARGUMENT**

## I.      **THIS COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(1).**

Rule 12(b)(1) provides that a party may move to dismiss a case based on lack of subject matter jurisdiction. Motions to dismiss under 12(b)(1) test the sufficiency of the complaint and are not meant to decide the merits of the case. *See Penny v. Pelosi*, 538 F.Supp.3d 850, 854 (C.D. Ill. 2021). When jurisdiction is challenged, the court will draw reasonable inference in favor of

the plaintiff, accepting as true those well-pleaded factual allegations. *See id*. However, the plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Id*. Here, Plaintiff has failed to meet that burden.

### A.  Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

This Court should decline to hear Plaintiff's claims based on the *Rooker-Feldman* doctrine which would require this Court to determine whether the Plaintiff's state court child support order is "invalid." Generally, United States District Courts have no jurisdiction to review state court decisions. *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923). "[L]ower federal courts are not authorized to review appeals from state court judgments except, of course, where Congress has explicitly authorized such collateral review." *Crestview Village Apartments v. U.S. Dept. of Housing and Urban Development*, 383 F.3d 552, 556 (7th Cir. 2004).

In *Gilbank v. Wood Cnty. Dep't. of Human Servs*., 111 F. 4th 754 (7th Cir. 2024) (en banc), the Seventh Circuit explained that the Rooker-Feldman doctrine precludes federal jurisdiction when four elements are present:

> *First*, the federal plaintiff must have been a state-court loser. *Second*, the state-court judgment must have become final before the federal proceedings began. *Third*, the state court judgment must have caused the alleged injury underlying the federal claim. *Fourth*, the claim must invite the federal district court to review and reject the state-court judgment.

*Gilbank*, 111 F. 4th at 766 (emphasis in original). Additionally, the Seventh Circuit recognizes one additional element that the Supreme Court has yet to address: the doctrine "does not apply to bar jurisdiction over a plaintiff's federal claim if she did not have a reasonable opportunity to raise her federal issue in the state courts." *Id*. In narrowing the application of the doctrine, the Seventh Circuit eliminated the notion that federal jurisdiction over federal claims

may be barred if those claims are "inextricably intertwined with the state court's judgment." *Id*. at 761, 767 n.5.

This is the precise type of case over which jurisdiction is prohibited by the *Rooker-Feldman* doctrine, "an action brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). All of Plaintiff's claims stem from enforcement of the child support order entered against her in the Cook County Case. Plaintiff objects to the child support order and its enforcement by HFS. *See* ECF 6 ¶¶ 8-9. Plaintiff is a state-court loser and invites this federal court to review and reject the state-court order.

Lastly, Plaintiff had a reasonable opportunity to raise her objections in the state courts. While she filed a Notice of Appeal in the Cook County Case, and the Appellate Court stayed enforcement of her commitment order (*See* ECF 6 ¶ at Ex. A, 6/13/24 Appellate Order), Plaintiff failed to pursue the case, and it was dismissed for want of prosecution. *See* **Exhibit H**. Plaintiff did not request the Appellate Court to reconsider the dismissal. Therefore, the *Rooker-Feldman* doctrine bars Plaintiff's Complaint, and it should be dismissed.

**B. Plaintiff's claims are barred by the *Younger* abstention doctrine.**

Alternatively, this Court should decline to hear Plaintiff's claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Federal courts apply Younger abstention when there is a parallel, pending state proceeding and any federal rulings would "implicate a State's interest in enforcing the orders and judgments of its courts." *Spring Comm. Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). Traditionally, the federal courts have recognized that domestic relations law directly implicates important state interests and that the federal district courts should abstain from exercising

jurisdiction over those claims. *See Ehlers v. Gallegos*, 16 CV 5092, 2020 WL 43010 at *8-9

(N.D. Ill. 2020); *Mannix v. Machnik et al.*, 05 C 7232, 2006 WL 794764 at *4 (N.D. Ill. 2006)

(divorce and custody proceedings are traditionally viewed as important state interests that

warrant abstention).

 While a state court matter is pending, a party has an opportunity to raise any claims,

including constitutional claims, in that state proceeding. *See Younger*, 401 U.S. at 49. Originally,

Younger required federal court abstention only when there was a parallel, pending state criminal

proceeding. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). However, the

Court has extended this federal abstention to state civil proceedings that implicate a state's

interest in compelling and enforcing compliance with its own civil orders or judgments. *See id*. at

72-73; *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987). This would include not only "civil

enforcement proceedings" but also "civil proceedings involving certain orders that are uniquely

in furtherance of the state courts' ability to perform their judicial functions." *Sprint* at 73.

 Here, the state court has a significant interest in compelling compliance with its domestic

relations orders, including child support. In the Cook County Case, Plaintiff has an ongoing child

support obligation and there remains the potential for future proceedings regarding that order.

Consequently, this Court should decline to hear Plaintiff's claims pursuant to *Younger*.

**C. Plaintiff's claims are barred by the Domestic Relations Exception.**

 Plaintiff's claims against HFS are also barred by the domestic relations exception to

federal jurisdiction, which prevents federal courts from adjudicating cases that involve divorce,

alimony, and child custody decrees. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006); *Kowalski v.

Boliker*, 893 F.3d 987, 995 (7th Cir. 2018) (quotations omitted). This rule prevents federal courts

from intruding into a state court matter, "particularly because state courts are assumed to have

developed a core proficiency in probate and domestic relations matters." *Sykes v. Cook County Circuit Court Probate Division*, 837 F.3d 736, 741 (7th Cir. 2016). The domestic relations exception is narrowly construed and applies only when it is necessary to prevent federal courts from disturbing a divorce or child custody order of the state court. *See Kowalski* at 995.

In this case, Plaintiff has raised allegations against HFS's enforcement of the child support order in the Cook County Case. These claims are "ancillary to the domestic-relations proceedings in state court" and are not "attempting to litigate misconduct that occurred outside the state court proceedings[.]" *Sheetz v. Norwood*, 608 F. App'x 401, 404 (7th Cir. 2015). Where Plaintiff would like this Court to declare her child support order invalid, or otherwise modify the state court orders, her constitutional claims are non-existent but for the entry of the order in the Cook County Case. Therefore, Plaintiff's claims are barred under the domestic relations exception to federal jurisdiction and must be dismissed.

### D. Plaintiff's claims are barred by the general principles of federal abstention.

Alternatively, this Court should decline federal jurisdiction over this case under general principles of federal abstention. Federal courts may decline to exercise jurisdiction where denying a federal forum would clearly serve an important countervailing interest including regard for federal-state relations. *Courthouse News Serv. v. Brown*, 908 F. 3d 1063, 1071 (7th Cir. 2018). No abstention doctrine is an exact fit; demanding strict adherence to doctrinal requirements would risk a serious federalism infringement. *J.B. v. Woodard*, 997 F. 3d 714, 723 (7th Cir. 2021).

In *Woodard*, the plaintiff filed a § 1983 due process action in federal court to challenge a custody and parenting time dispute that was pending in the state domestic relations court. *Id.* at 719. Specifically, plaintiff was seeking a favorable federal court decision that he was hoping

would influence the state court's decisions. *Id*. at 719, 722. The Seventh Circuit affirmed the district court's decision to abstain from exercising jurisdiction over the plaintiff's due process claims. *Id*. at 721. The Court reasoned that abstention from federal jurisdiction should be the exception, not the rule. However, under established abstention doctrines, a federal court may, and often must, decline to exercise jurisdiction when doing so would intrude on the state courts' independence and their ability to resolve cases before them. *Id*. at 721-22. Abstention cases implicate underlying principles of equity, comity, and federalism foundational to our federal constitutional structure. *Id*. at 722. The same abstention reasoning "applies with equal force" to a request for compensatory damages because a federal judgment for compensatory judgment could disrupt state court proceedings. *Id*. at 724.

Under the guise of a civil rights claim, Plaintiff is asking this Court to inject itself into her family court case. She is asking for compensatory damages and is disputing the legitimacy of the child support order that was entered in state court. Plaintiff's Complaint runs afoul of general abstention principles and this Court should dismiss her Complaint.

### E. Plaintiff's claims are barred by the Eleventh Amendment.

Claims against State Defendants are barred by the Eleventh Amendment, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is long established that this protection extends to state agencies such as the ones named herein. *Id.* at 100 ("It is clear, of course, that in the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The issue of sovereign immunity is properly raised as a 12(b)(1) defense because it deprives federal courts of subject matter jurisdiction to hear the claim. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009).

Three exceptions to sovereign immunity exist, but none apply here. First, a state may, by an "unequivocal[]" expression, waive its immunity and consent to suit in federal court, which Illinois has not done here. *See PennEast Pipeline Co., L.L.C. v. New Jersey*, 141 S. Ct. 2244, 2258 (2021). Second, Congress may "expressly" abrogate the states' immunity pursuant to the Fourteenth Amendment, but that is also not the case here. *Green Valley Special Util. Dist. v. City of Schertz, Tex.*, 969 F.3d 460, 471 (5th Cir. 2020). Third, immunity may not apply if a plaintiff suit is one for prospective injunctive relief from ongoing violations of federal law pursuant to *Ex Parte Young* doctrine. *See Sonnleitner v. York*, 304 F.3d 704, 717 (7th Cir. 2002). In this case, Plaintiff seeks declaratory, injunctive, and compensatory relief. *see* ECF 6 at Ct. III, Prayer for Relief. The *Ex Parte Young* doctrine does not apply to Plaintiff's claims for damages and declaratory relief. And while Plaintiff's request for reinstatement of her professional licenses may be considered prospective injunctive relief, Plaintiff underlying due process claims related to the suspension of her nursing licenses cannot reasonably be construed as "ongoing". *Sonnleitner* at 717. The alleged constitutional violation is not that Plaintiff's licenses were suspended, but that Plaintiff was denied due process regarding the suspension of those licenses. Plaintiff was afforded the opportunity to administratively appeal the suspension, but she chose not to make that request. In this case, there was no violation of federal law, let alone an ongoing violation of federal law. Therefore, there are no exceptions to sovereign immunity that apply in this case.

Further, to the extent Plaintiff brings any claims under Title 42 of the United States Code § 1983, those claims are only allowed against persons, not against state agencies such as HFS. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding a state department is not a "person" suable under § 1983). Under §1983, a plaintiff must show that a defendant is personally

responsible for any alleged deprivation of constitutional rights. *Brooks v. Sheahan*, 50 F. Supp. 2d 821, 823 (N.D. Ill. 1999). Accordingly, all federal claims against HFS are barred by the Eleventh Amendment and should be dismissed with prejudice.

## II.  PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED PURSUANT TO FED. R. CIV. P 12(b)(6).

Under Rule 12(b)(6) a complaint may be dismissed if the plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint must contain "more than a sheer possibility that a defendant has acted unlawfully" and be supported by factual content because "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Merely claiming violations of one's constitutional rights is not sufficient to state a claim. A plaintiff must provide "well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief." *Id*. At 679. Plaintiff has failed to allege adequate facts to support Eighth Amendment and due process and equal protection 14th Amendment claims against HFS.

### A.  Plaintiff fails to state a due process claim under the 14th Amendment.

Under §1983, Plaintiff alleges that HFS, under color of state law, deprived her of her constitutional rights without due process of law. Plaintiff alleges that HFS circumvented the Constitution to profit from IV-D Program and is enforcing the child support order in the Cook Count Case by coercion. *see* ECF 6 ¶ 9. In none of these allegations does Plaintiff state a viable substantive or procedural due process claim.

A substantive due process claim requires deprivation of a fundamental right or government action that is so "arbitrary and irrational" it shocks the conscience. *See Nelson v. City of Chicago*, 992 F.3d 599, 604 (7th Cir 2021). A temporary suspension of one's professional license is not a fundamental right. Likewise, HFS did not act in an arbitrary or irrational way

11

when it sought enforcement of Plaintiff's child support order. Plaintiff's mere dissatisfaction with the child support order entered in the Cook County Case does not give rise to an actionable due process violation. *See Sheetz v. Norwood*, 608 Fed. Appx. 405 (7th Cir. 2015) (finding that dissatisfaction with a district judge's rulings does not alone establish a due process violation). Any substantive due process claim by Plaintiff fails for these reasons.

A procedural due process claim requires deprivation of liberty or property by a state actor without notice and an opportunity to be heard. See *Brzozowski v. Singh*, 2008 U.S. Dist. LEXIS 91567, *7 (N.Dist. 2008). Plaintiff claims her professional nursing licenses were suspended without proper notice to her and without hearing. *See* ECF 6 ¶ 8. First, HFS provided Plaintiff proper notice of their intent to seek suspension of her professional licenses. *See* ECF 6 ¶ at Ex. A, Notices. On October 20, 2024, HFS mailed these Notices to the Plaintiff's Tinley Park address, the same address she uses in all her pleadings before this Court. In December 2024, Plaintiff confirmed in communication with HFS that the Tinley Park address was correct; however, she argued that the matter was one of "mistaken identity" and that she didn't "owe child support to anyone." *See* ECF 6 ¶ at Ex. A, Emails. However, even if Plaintiff claims she did not timely receive this notice, failure to receive the notice is not a violation of due process. *See Singh* at *8 (receipt of notice is not necessary to establish due process of law).

Further, a due process claim cannot proceed under Section 1983 if adequate post-deprivation remedies are available. *See Veterans Legal Def. Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir 2003). HFS is the Illinois State agency responsible for operating the child support enforcement program, which must comply with Title IV-D of the Social Security Act. *In re Marriage of Lappe*, 176 Ill. 2d 414, 426 (1997). To comply with the federal requirements, Illinois has established procedures to establish, enforce, and collect current and past-due child

support owed under Article X of the Illinois Public Aid Code. 305 ILCS 5/10-1 (Lexis 2025). HFS implements various enforcement remedies, authorized under the Illinois Public Aid Code and Illinois Administrative Code, for the collection of past-due child support. One such enforcement remedy is certifying past-due child support balances to State professional, occupational or recreational licensing agencies. *See* 89 Ill. Adm. Code 160.70(n). These administrative actions have specific administrative remedies available to aggrieved parties. *See* 89 Ill. Adm. Code 160.70 (Lexis 2025); 305 ILCS 5/10-25(b) (Lexis 2025).

In the October 20, 2024 Notices to Plaintiff, HFS informed Plaintiff that she had a past-due child support balance in the amount of $16,491.60 and that the licensing agency would begin action against her to suspend her licenses. *See* ECF 6 at Ex A, Notices. Further, the Notices laid out specific options for Plaintiff should she wish to avoid any suspension. *See id*. These options included pay the past-due support in full, enter into a payment plan with HFS, or appeal the amount of past-due child support owed. *See id*. Plaintiff chose not to avail herself of these remedies. Rather, Plaintiff waited until after her licenses were already suspended, and then reached out to HFS claiming this was a case of "mistaken identity" and feigning surprise that she owed past due child support: "I don't have a child support case. … I'm beyond shocked and lost as to how this can happen." *See* ECF 6, Ex A, at 12/24/24 at 12:57 PM Email. Plaintiff even went so far as to provide HFS with an uncorrected birth certificate for her child so as to claim that any child support order must be a mistake because the child's father was not Mr. Latif.[7] *See id*. at 12/27/24 at 10:51 AM Email and Birth Certificate. And, while a Section 1983 action does

---

[7] Plaintiff failed to inform HFS that on February 2, 2024, the Court in the Cook County Case ordered that the birth certificate for the child be corrected to officially change her name to "Bella Latif" and list Mr. Latif as the child's father. Exhibit C.

not require a plaintiff to exhaust state remedies, as long as there are adequate state remedies available, plaintiff's right to procedural due process has not been violated. *See Schwartz* at 941.

Finally, Plaintiff's displeasure with HFS's involvement in and enforcement of the child support order in the Cook County Case does not give rise to an actionable due process violation. Plaintiff argues that her Cook County Case is not a IV-D Program case and HFS should not be involved in any enforcement actions. *See* ECF 6 ¶ 9. A child support order entered in a state court domestic relations case does not, by itself, subject the order to the IV-D Program. Instead, in Illinois, Title IV-D cases are administered by voluntary application and referral to HFS or by a qualifying circumstance (*e.g.* public assistance). Plaintiff mistakenly believes that a notation on the docket for the Cook County Case "explicitly designate[s]" whether a child support case is subject to the IV-D Program. *Id*. Federal and State laws and regulations expressly authorize and require HFS to collect and enforce past-due child support owed by Plaintiff. Plaintiff's substantive and procedural due process claims fail and should be dismissed.

**B. Plaintiff fails to state an equal protection claim under the 14th Amendment.**

Plaintiff claims HFS has failed to provide her procedural safeguards, such as notice and the opportunity to be heard regarding her license suspension, that have been provided to other similarly situated licensed professionals. ECF 6 ¶ 23. An equal protection claim requires a plaintiff to show they are a member of a protected class, or they have been denied a fundamental right. *See Srail v. Vill. of Lisle*, 588 F.3d 940, 943 (7th Cir 2009). Plaintiff provides no evidence as to either. Further, Plaintiff had a child support obligation she failed to pay, resulting in a past-due child support arrearage balance. As a result, pursuant to the Illinois Public Aid Code and Illinois Administrative Code, HFS sought enforcement in the same manner they would against

any other obligor who meets the statutory requirements for enforcement. Plaintiff's equal protection claims fail and should be dismissed.

### C. Plaintiff fails to state proper claims under the Eighth Amendment.

Plaintiff alleges HFS sought suspension of her nursing licenses based upon an invalid child support order, resulting in an erroneous past-due balance, therefore, violating the Eighth Amendment's prohibition on excessive fines. ECF 6 ¶ 14. Plaintiff's bald assertions that she is not subject to a valid child support order cannot be squared with the state court orders that are readily available in the public record. **Exhibits A, B, F** and **G**. The Complaint is devoid of any specific factual allegations that, if true, could plausibly explain away the existence of these orders or the significant arrearages that have accrued under them. However, assuming that the Eighth Amendment would apply to such a situation, suspension of Plaintiff's nursing licenses does not violate of the Eighth Amendment because the suspension is not permanent. *See Coleman v. Watt*, 40 F.3d 255, 263 (8th Cir.1994) ("deprivation by the government must be intended to be permanent to constitute a fine"). In this case, as the October 20, 2024 Notices explained, the license suspension can be lifted should Plaintiff pay the past-due balance in full or enter into a payment plan. *See* ECF 6, Ex A, Notices. Plaintiff's Eighth Amendment claim fails and should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, HFS respectfully request that this Court grant this motion to dismiss with prejudice.

Respectfully Submitted,
KWAME RAOUL
Illinois Attorney General

By:    */s/ Anna Leonard*
      */s/ Joseph Arias*
      Assistant Attorneys General
      *Counsel for Defendant HFS*
      115 S. LaSalle St., 30th Floor
      Chicago, Illinois 60603
      (224) 922-8047
      Anna.Leonard@illinois.gov
      Joseph.Arias@illinois.gov

| | |
|---|---|
| 4217 - Continuance - Allowed | 4435 - Order on Motion to Provide Medical Insurance - Allowed |
| 4250 - Order, Plaintiff, Defendant or Witness to Appear - Allowed | 4512 - Order Arrearage Set - (amount needed) - Allowed |
| 4253 - Produce Exhibits or Other Records or Documents or Person - Allowed | 4567 - Order for Child Support - Allowed |
| 4284 - Strike or Withdraw Motion or Petition - Allowed | 4568 - Order Temporary Maintenance - Allowed |
| 4312 - Finding of Delinquency - Allowed | 4600 - Order Support Payments Made Direct to Petitioner |
| 4324 - Child Support Order Above Statutory Guidelines - Allowed | 4601 - Order Support Payments Made Direct to C.C.C./S.D.U. - Allowed |
| 4325 - Child Support Order Below Statutory Guidelines - Allowed | 4604 - Order Support Payments Made Direct to Respondent - Allowed |
| 4386 - Order to Pay Fees - Allowed | |

**Uniform Order for Support**                                          **(12/01/20) CCDR 0107 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

Nasseem Latif

Petitioner/☐ Obligee          ☑ Obligor

v.

Kimberly Lopez

Respondent/☑ Obligee          ☐ Obligor

Docket No. 2011D579053

IVD-No. _____

Calendar No. Y _____

☐ Healthcare and Family Services is, or has been, granted leave to intervene.

### UNIFORM ORDER FOR SUPPORT

☐ Initial Order   ☑ Modification   ☐ Enforcement

Definitions: Obligor - An individual who owes a duty to make support payments pursuant to an order for support
Obligee - An individual to whom a duty of support is owed or the individual's legal representative
Payor - Any payor of income to an obligor
Unallocated Support - A total amount for maintenance and child support and not a specific amount for either

THIS MATTER coming to be heard on Petition for:   ☐ Rule and/or   ☐ Modification   ☑ Support
☐ Judgment

The Court Finds:

The Court has jurisdiction of the parties and the subject matter and that due notice was given by

order of court _____ on 10/18/23 _____.

a. ☑ The net income of the Obligor is $ 4554.00 ~~week~~ per month _____.

b. ☐ The amount of arrearage/judgment as of the date of this order is $ _____ for child support and

$ _____ for maintenance or unallocated support as follows: $ _____ to Obligee,

$ _____ to Healthcare and Family Services and/or $ _____ to the Petitioning

State of _____

c. ☐ The amount of child support cannot be expressed exclusively as a dollar amount because all or a portion of the Obligor's net income is uncertain as to source, time of payment or amount.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 9

Uniform Order for Support              (12/01/20) CCDR 0107 B

d. ☒   Retroactive child support is $ **6,108.00** from **7/1/23** to **12/31/23** .

The   ☑ Obligee   ☑ Obligee's Attorney   ☑ Obligor   ☐ Obligor's Attorney
       ☐ Assistant State's Attorney, being present

☐ This matter being an Interstate Case,   ☐ Voluntary Acknowledgment of Paternity was signed on _____

It is Ordered:   ☑ After hearing   ☐ By agreement of the parties

           ☐ By default that:   Kimberly Lopez _____ , Obligor, is
           to provide:

☐   **Maintenance**   **(Do not complete this section if Unallocated Support is ordered.)**

Payment Amount:                                Payment Frequency

Current Maintenance:      $ _____     ○ every week   ○ every other week   ○ monthly

Arrearage Payment:       $ _____     ○ twice each month on _____ & _____

Payments Begin: _____ (date)      ○ other _____ (date)

---

● **Child Support**   ○ **Unallocated Support**

Payment Amount:

Current Child Support Payment Or   **1,018.00**       Payment Frequency
Unallocated Support Payment:   $ ~~~~~~~~     ○ every week   ○ every other week   ● monthly
          From 9/1/23 → 12/31/23 **203.60** .
Arrearage/Retroactive Payment:   $ **6,108.00** .     ○ twice each month on _____ & _____

Other Payment:   **1/1/2024**   $ _____     ○ other _____ (date)
Payments Begin: ~~~~~~~~ (date)

Judgment in the amount of     $ **6,108.00**   is entered against the Obligor on the ~~~~~ **retro support** .
Interest                   $ **1,221.60**

☐   **Percentage Amount of Child Support (Complete this section only if finding (c) is checked above.)**

In addition to the specific dollar amount of support ordered above, current child support shall be paid in the

amount of _____ % of Obligor's _____ payable _____ .

The Obligor is further ordered to provide income records sufficient to determine and enforce the percentage amount of child support within seven (7) days of receipt of income subject to this percentage assessment, to the ☐ Obligee   and   ☐ Clerk of the Court.

Docket No. _____     IVD-No. _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

**Uniform Order for Support**            **(12/01/20) CCDR 0107 C**

☐ **Additional Conditions or Findings**

   ☐ Child Support payment amount deviates from the amount required by statutory minimum guidelines. The amount of support that would have been required under the guidelines is $ _____.
Reasons for deviation:

_____

   ☐ Child Support is based on the needs of the child.

The Child/ren covered by this Order is/are:

Bella Lopez Allsot _____ Date of Birth: _5/4/2011_

_____ Date of Birth: _____

_____ Date of Birth: _____

_____ Date of Birth: _____

_____ Date of Birth: _____

_____ Date of Birth: _____

☑ **Payment Arrangements**

   ● (Payments must be sent to the STATE DISBURSEMENT UNIT if this box is checked.)
A Notice to Withhold Income shall be issued immediately and shall be served on the employer at the address listed in this Order. Payments shall be made payable to the State Disbursement Unit and sent to the State Disbursement Unit at P. O. Box 5400, Carol Stream, IL 60197-5400. Payments must include CASE NUMBER, COUNTY of the Court issuing this Order, and Obligor's name and social security number. Any subsequent employer may be served with a Notice to Withhold Income without further order of the Court.

   ○ The parties have entered into a written agreement providing for an alternative arrangement for the payment of support that is approved by the Court and attached to this Order, meeting all requirements of, and consistent with, applicable law. An income withholding notice is to be prepared and served only if the Obligor becomes delinquent in paying the order of support. Payments shall be made in accordance with the written agreement of the parties attached hereto. In the event the income withholding notice is served, payments shall be made to the State Disbursement Unit as set forth above.

   ☑ 4386 In addition to and separate from amounts ordered to be paid as maintenance or child support, the Obligor shall pay a $36 per year Separate Maintenance and Child Support Collection Fee. This sum shall be paid directly to the Clerk of the Circuit Court of Cook County and not to the State Disbursement Unit. Please mail payment to: Clerk of the Circuit Court of Cook County, Domestic Relations Division, , Richard J. Daley Center, 50 W Washington St, Room 1005, Chicago, IL 60602,

      Docket No. _____ IVD-No. _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

✔ **Delinquency**

If the Obligor becomes delinquent in the payment of support after the entry of this Order for Support, the Obligor must pay, in addition to the current support obligation, the sum of (a) $ __203.00__ for delinquent child support per the payment frequency ordered above for child support, and (b) $ _____ for delinquent maintenance or unallocated support per the payment frequency ordered above until the delinquency is paid in full. (This additional amount, the total of (a) and (b), shall not be less than 20% of the total of the current support amount and the amount to be paid for payment of any arrearage stated in the Order for Support.) A support obligation, or any portion of a support obligation which becomes due and remains unpaid for thirty (30) days or more, shall accrue interest at the rate of 9% per annum.

✔ **Termination**

This obligation to pay child support terminates on __5/4/29__ unless modified by written order of the Court or unless the child will not graduate from high school until after attaining the age of eighteen (18), then the termination date shall be the earlier of the child's high school graduation or the date on which the child will attain the age of nineteen (19). This termination date does not apply to any arrearage that may remain unpaid on that date.

✔ **Arrearage Payment**

If any arrears or past due support is owed upon termination, the amount being paid immediately preceding termination, including any current support payment, arrearage payment and/or any delinquency, will continue to be collected as an obligation, not as current support, but as a periodic payment toward satisfaction of the unpaid support. All past due support obligations are still subject to any other special collection methods available to Healthcare and Family Services (such as tax refund offsets and bank liens), as provided by law.

✔ **Medical Insurance**

The   ● Obligor    ○ Obligee    ○ Obligor and Obligee, shall provide health insurance for the child(ren):

○ as provided in a previous order entered on _____;    ● enrolling them in any health insurance coverage available through the   ● Obligor's    ○ Obligee's    ○ Obligor's and Obligee's employment or ○ securing a private health insurance policy, accepted by the Obligor and Obligee or approved by the Court, which names the child(ren) as beneficiary. The Obligor shall provide to the Obligee a copy of the insurance policy and the insurance card within forty-five (45) days. The employer or labor union or trade union shall disclose information concerning dependent coverage plans whether or not a court order for medical support has been entered. 750 ILCS 5/505.2

    ✔ The Obligor is liable for __75__% of the medical expenses incurred by the minor child(ren) and not covered by insurance.

    ☐ 4284 The issue of medical insurance is withdrawn.

It is further ordered that (except when the Court finds that the physical, mental or emotional health of a party or that of a minor child, or both, would be seriously endangered by disclosure of the party's address:)

The Obligor shall give written notice to the Clerk of the Court, and if a party is receiving child and spouse services under Article X of the Illinois Public Aid Code, to Healthcare and Family Services, within seven (7) days, of:

- any new residential mailing address or telephone numbers;
- the name, address and telephone number of any new employer, and;

Docket No. _____      IVD-No. _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

- the policy name and identifying number(s) of health insurance coverage available.

The Obligor shall submit a written report of termination of employment and of new employment, including name and address of the new employer, to the Clerk of the Court and the Obligee within ten (10) days. Obligor and Obligee shall advise each other of a change of residence within five (5) days except when the Court finds that the physical, mental or emotional health of a party or that of a minor child, or both, would be seriously endangered by disclosure of the party's address. An Obligee receiving payments through income withholding shall notify the Clerk of the Court and the State Disbursement Unit within seven (7) days, of change in residence. The Obligor and Obligee shall report to the Clerk of the Court any change of information included in the Child Support Data Sheet (Exhibit 1) within five (5) business days of such a change.

☐ **Unemployment**

     ☐   Respondent is unemployed and is ordered to seek employment. The Respondent must report periodically to the court with a diary listing the name, address, telephone number and contact person of each employer with which s/he has sought employment.

     ☐   Respondent is ordered to report to the Department of Employment Security for job search services or to complete an application with the local Job Training Partnership Act provider for participation in job search, training or work programs.

     ☐   Respondent is unemployed and is ordered to put forth a diligent effort to obtain employment and to cooperate with all instructions of Healthcare and Family Services (HFS). The Respondent is ordered to report immediately to the Healthcare and Family Services' Non-Custodial Parent Services Unit, 36 South Wabash, Chicago, Illinois for assessment and assignment into the court monitored Job Search program or Earnfare program. Upon finding employment, the Respondent shall notify HFS in writing at 36 South Wabash, Chicago, Illinois 60603, within seven (7) days. The Respondent must submit the name and address of the employer, the start date, and the rate of pay to the HFS Non-Custodial Parent Services Unit. The Respondent's failure to comply with the requirements of this order may result in the State's Attorney seeking a contempt of court order. (Earnfare requires a $50.00 minimum support order.)

☐ **Genetic Test Reimbursement**

     ☐   Obligor shall pay $ _____ to Healthcare and Family Services (HFS) for a genetic test reimbursement. Payments must be made in lump sum or installments by personal check or money order payable to Healthcare and Family Services and either mailed to: Healthcare and Family Services, Title IV-D Accounting Unit, P. O. Box 19138, Springfield, IL 62705-9138, or conveyed as otherwise directed by the Court. Payment must include IV-D number as shown on this order.

**This Order does not preclude Healthcare and Family Services from collecting any arrearage established by or which may accrue under this Order for Support by use of the offset provisions of Section 6402(c) of the Internal Revenue Code of 1954, and 15 ILCS 405/10.05(a) as amended. Such arrearage shall be considered as "past due" or "due and payable" within the meaning of said statutory provisions. This order does not preclude the placing of a lien on real and personal assets or initiating a proceeding for garnishment, attachment of sequestration pursuant to law and the Code of Civil Procedure.**

**This order of support supercedes any and all prior orders of support under this case number.**

Docket No. _____     IVD-No. _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Uniform Order for Support**          **(12/01/20) CCDR 0107 F**

☑ Other:

~~See separate recommended order submitted herewith by the Hearing Officer which sets forth detailed findings regarding the calculation of child support.~~

Parties referred to hearing officer to calculate ~~arrears~~ retro. for 2021, 2022. and 1/1/23 – 4/30/23.

---

☑ This cause is continued for _____2/29/24_____ to _____

at _10:30_ (AM) in Courtroom _202_ via Remote   940 .9402 2602

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ Richard J. Daley Center
50 W Washington
Concourse Level - Rm CL24   password
Chicago, IL 60602   263971.

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

☐ without further notice    ☐ without further notice to Petitioner    ☐ without further notice to Respondent

---

Docket No. _____      IVD-No. _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Uniform Order for Support                                              (12/01/20) CCDR 0107  G

## FAILURE TO APPEAR MAY RESULT IN ENTRY OF A DEFAULT JUDGMENT.

☑ **For Expedited Child Support Cases Only:**

**Notice of Right to Request a Judicial Hearing:** You have a right to request a Judicial Hearing. If either party does not agree to the recommended Order or any part thereof, this case will be transferred for an immediate Judicial Hearing.

The Order may be vacated or amended within thirty (30) days of its entry. This Order is not valid until signed by a judge.

So recommended to this Court by the Hearing Officer on ____12/13/23____

The support obligation herein required under this order, or any portion of the obligation, which become due and remains unpaid for thirty (30) days or more shall accrue simple interest at the rate of 9% per anum.

_____                    _____
Hearing Officer's Signature                      Respondent/Obligor's Signature

_____                    _____
Petitioner/Obligee's Signature                   Respondent/Obligor's Attorney's Signature

_____
Petitioner/Obligee's Attorney's Signature

## FAILURE TO OBEY ANY OF THE PROVISIONS OF THIS ORDER MAY RESULT IN A FINDING OF CONTEMPT OF COURT.

ENTERED:

Judge Bernadette Barrett            Dated: __12/28/23__

DEC 2 8 2023

Atty. No.: _____ ARDC No.: _____   Circuit Court - 2319

_____
Judge                               2319
                                    Judge's No.

Atty Name: _____

Atty. for: _____

Address: _____

City: _____

State: _____ Zip: _____

Telephone: _____

Primary Email: _____

Docket No. _____   IVD-No. _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

☐ **4348 - Order to Change Name**                                              EXHIBIT C
☑ **4349 - Order Vital Statistics to Issue Corrected Birth Certificate**     (Rev. 12/01/20) CCDR 0058

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

Naseem Latif
_____
**Petitioner**
                            **v.**
Kimberely Lopez
_____
**Respondent**

Docket No. 2011D579053
_____

## ORDER

THE COURT HAVING JURISDICTION OVER THE SUBJECT MATTER AND ALL NECESSARY PARTIES, IT IS HEREBY ORDERED THAT:

The child born on _____11/25/11_____ to the Petitioner/Respondent ____Kimberely Lopez____

Petitioner/Respondent _____ has been know as ____11/25/11____.

☑ The name of the child is hereby changed to ____Bella Latif____.

The Bureau of Vital Statistics is hereby directed to issue a corrected birth certificate,

☑ changing the name of the child from ____Bella Lopez-Allshot____ to ____Bella Latif____.

☑ adding the name of the Petitioner/Respondent ____Naseem Latif____.

Judge Bernadette Barrett

FEB 2 0 2024

Circuit Court - 2319

**ENTERED:**

Dated: _____, _____

Judge                                                    2319
                                                    Judge's No.

## IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

IN RE: ○ Marriage  ○ Civil Union  ○ Legal Separation  ○ Allocation of Parental Responsibilities
○ Visitation (Non-Parent)  ○ Support  ◉ Parentage of:

| | |
|---|---|
| Naseem Latif | |
| Petitioner | Case No. 2011D590753  *Judge Bernadette Barrett* |
| and | Calendar: y |
| Kimberely Lopez | *FEB 2 9 2024* |
| Respondent | *Circuit Court - 2319* |

### ORDER ON RULE TO SHOW CAUSE (CHILD SUPPORT)

This matter coming before the Court on a verified petition for Rule to Show Cause

why _____ Kimberely Lopez _____ ○ Petitioner  ◉ Respondent (hereinafter referred to as "alleged contemnor") should not be held in indirect civil contempt of Court for willful failure to obey a Court order for child support and/or any other child related expenses, and the Petitioner appearing  ○ in person  ◉ through counsel, and Respondent  ◉ appearing in person  ○ appearing through counsel  ○ not appearing.

THE COURT FINDS a prima facie case of indirect civil contempt has been shown by  ◉ verified petition
○ sworn testimony.

IT IS HEREBY ORDERED THAT:

1. A Rule will issue against alleged contemnor to show cause why s/he should not be held in indirect civil contempt of Court for failure to pay child support and/or any other child related expenses as ordered by the Court on _____ 4/30/24 _____

2. Alleged contemnor is ordered to appear at: 10220 S 76th Ave #205l, Bridgeview, IL 60455 (court address) Courtroom _____ 202 _____, on _____ 4/30/24 _____ at _____ 3 _____ ○ AM  ◉ PM to respond to the Rule, said Rule being returnable on that date.

3. The parties are hereby put on notice that alleged contemnor's ability to pay child support and/or any other child related expenses as ordered will be a critical issue at any hearing on the return of the Rule.

4. Alleged contemnor is ordered to bring copies of his/her completed Cook County Rule 13.3 Financial Disclosure Statement to any and all hearing/s on the return of the Rule. Choose one of the following:

   ○ Alleged contemnor has completed a Cook County Rule 13.3 Financial Disclosure Statement.

   ○ The opposing party shall tender a blank Cook County Rule 13.3 Financial Disclosure Statement to to alleged contemnor within _____ days of this order and alleged contemnor shall complete it within _____ days of receipt.

   ○ Alleged contemnor has been tendered a blank Cook County Rule 13.3 Financial Disclosure Statement in open court and shall complete it within _____ days.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

<u>Order on Rule to Show Cause (Child Support)</u>                          (12/01/20) CCDR 0022 B

5. Service of this Order and the petition shall be by:

&#9745; Regular, First Class Mail   &#9633; Certified Mail   &#9633; Personal Service by Sheriff
&#9633; Personal Service by Special Process Server AND/OR   &#9633; Personally, in open Court.

## NOTICE

FAILURE TO APPEAR AS ORDERED BY THE COURT MAY RESULT IN A FINDING OF CONTEMPT AND/OR COURT ORDER FOR A BODY ATTACHMENT WHICH WILL RESULT IN YOUR ARREST BY THE SHERIFF.

ENTERED:

Dated: _2/29/24_

&#9673; Atty. No.: 45146
&#9675; Pro Se 99500

Name: Raed Shalabi

Atty. for (if applicable):
     Naseem Latif

Address: 15127 s. 73rd ave. a-1

City: orland park

State: il   Zip: 60462

Telephone: 7086710800

Primary Email: raedshalabi@yahoo.com

Judge

Judge Bernadette Barrett

FEB 29 2024

Circuit Court - 2319

_2319_
Judge's No.

## IMPORTANT NOTICE REGARDING CONTEMPT

Civil contempt proceedings have been filed against you for not paying your child support and/or child related expenses. **Your ability to pay your child support and/or child related expenses is a critical issue in determining whether you will be held in contempt or not.**

**It is important that you provide the court with information about your financial ability to pay the child support and/or child related expenses ordered.** Your information will enable the court to accurately decide whether you are in contempt or not. If you do not provide the court with this information, you may be found in contempt and placed in jail until you pay a specific sum of money to purge your contempt. **If the court determines you are in contempt, the court then will decide what actions or sum of money you should pay to purge or remove the contempt finding.**

### During these contempt proceedings, YOU MUST:

1. Appear for all hearings. If you fail to appear, the court has the power to issue a body attachment or warrant for your arrest.
2. Complete and bring to court a Cook County Rule 13.3 Financial Disclosure Statement.

### During these contempt proceedings, YOU HAVE THE RIGHT TO:

1. Hire an attorney to represent you.
2. Testify about your ability to pay child support and/or child related expenses.
3. Show the court evidence about your past and current financial ability to pay child support and/or child related expenses, including but not limited to:
   - Your last 6 paycheck stubs
   - Your last 2 federal income tax returns with all schedules, exhibits, and forms attached
   - Proof of any and all income
   - Proof of any and all expenses you want the court to consider
   - Copies of any other court orders for child support for other children
   - Proof of government payments, such as:
     - Unemployment insurance benefits
     - Social security income
     - Social security disability
     - Veterans benefits
     - Food stamps
     - Any other type of payments
   - If you have applied for any type of benefit, assistance, or government payment, and have not received a decision yet, bring a copy of the application.
   - If you are searching for employment, bring a list of the employers that you have contacted in the last 2 months. For each employer, include the name and phone number/email of the person you contacted.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
*cookcountyclerkofcourt.org*

EXHIBIT E

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | |
| | ) | |
| NASSEEM LATIF, | ) | |
|     Petitioner, | ) | |
| v. | ) | No. 2011D579053 |
| | ) | |
| KIMBERLY LOPEZ, | ) | Judge Bernadette Barrett |
|     Respondent. | ) | APR 3 0 2024 |

**ORDER**

Circuit Court - 2319

This matter coming to be heard on the Petitioner, Natif Latif, Verified Petition for Rule to Show Cause for Failure to Comply with the December 28, 2023 Order. The Petitioner, Nasseem Latif, together with his attorney, Raeb Shalabi, and the Respondent, Kimberly Lopez, appearing before the Court as a self-represented litigant. The Court having heard the testimony of the parties, having had an opportunity to consider the witnesses' credibility and demeanor, having reviewed the pleadings and responses and closing arguments of the parties, as well as relevant case law, including pertinent statutes, and now being fully advised in the premises, the Court finds as follows:

## IT IS, THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. On February 29, 2024, the Rule issued on the Verified Petition for Rule, thereby shifting the burden to the Respondent, Kimberly Lopez, to prove any affirmative defense that she may have to her noncompliance with the December 28, 2023.

2. The Respondent, Kimberly Lopez, has failed to sustain her burden that she has a legally sufficient reason for her failure to comply with the order of child support in accordance with the December 28, 2023 Order and that her failure to comply with the December 28, 2023 was not willful nor contumacious. The Verified Petition for Rule to Show Cause for Failure to Pay Child Support filed on February 13, 2024 is granted.

3. The Court finds the Respondent, Kimberly Lopez, credibility was lacking on important topics relevant to the issues in this case, including but not limited to the her continuing to pay her mortgage of approximately $1,628.00 through April of 2024, her motor vehicle payment through February of 2024 of $1,300.00 each month since she purchased the 2024 Lexus, her utilities, and personal living expenses while not able to pay any money towards her support obligation under the December 28, 2023 order.

1 – IRPO LATIF v. LOPEZ – 2011D579053

4.     The Court finds that the Respondent, Kimberly Lopez, is indirect civil contempt of Court for failure to obey the December 28, 2023 Order and owes for child support arrears for December 2023, January 2024, February, 2024, March 2024, and April of 2024 totaling $5,090.00 amd shall pay a purge of $3,500.00 by May 23, 2024 at 4:00 p.m.

5.     It is ordered that the Respondent, Kimberly Lopez, is commited to the Cook County Jail, there to remain until she has purged herself of contempt by paying $3,500.00.

6.     Commitment is stayed until May 23, 2024 at 5:00 p.m.

7.     The Petitioner, Nasseem Latif, shall submit an Order of Adjudication of Indirect Civil Contempt and/or Order of Commitment no later than 5/1/2024.

8.     The Petitioner, Nasseem Latif, may file a Petition for Attorney Fees under Section 508(b) of the Illinois Marriage and Dissolution of Marriage Act.

9.     The Petitioner, Nasseem Latif, Petition for Contribution of Attorney fees is taken under advisement.

10.     This matter is continued for status on purge to May 24, 2024 at 11:15 a.m. The Respondent, Kimberly Lopez, shall appear in person in room 202 located at 10220 South 76th Avenue, Bridgeview, Illinois.

ENTERED:     **April 30, 2024**

2319·

JUDGE     No.

Judge Bernadette Barrett

APR 30 2024

Circuit Court - 2319

2 – IRPO LATIF v. LOPEZ – 2011D579053

## EXHIBIT F

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

IN RE: THE PARENTAGE OF: )
)
NASSEEM LATIF, )
          Petitioner, )
)
and )    No. 2011D579053
)    Calendar Y
KIMBERLY LOPEZ )
          Respondent. )

*Judge Bernadette Barrett*

**APR 3 0 2024**

*Circuit Court - 2319*

### ORDER OF COURT

    THIS MATTER coming before Hearing Officer Ryan, consistent with the Court Order entered by the Honorable Judge Barrett on February 29, 2024 directing the Hearing Officer to conduct a hearing regarding reconciliation of retroactive child support owed from Respondent to the Petitioner from 2021 to date; Attorney Raed Shalabi appearing on behalf of the Petitioner, Nasseem Latif, who was also present and the Respondent, Kimberly Lopez, appearing *pro se* via zoom video conference on April 9, 2024; the Hearing Officer, having reviewed the financial documentation provided by the parties, relevant Motions, Court Orders, and having heard the sworn testimony of the parties and the argument of counsel, HEREBY FINDS:

1. The parties have one (1) child, namely Bella Lopez Allsot, born on May 4, 2011.

2. The Respondent has zero (0) overnights of parenting time per year with the minor child.

3. On December 28, 2023, Judge Barrett entered a Uniform Order for Support which required the Respondent to pay $1,018 per month for baseline child support.

4. On February 29, 2024, Judge Barrett entered an order referring this matter to the hearing officer to calculate the statutory guideline for retroactive child support owed during 2021 and 2022 and for reconciliation of alleged payments made by the Respondent during said time period.

5. The Respondent testified that she has paid $0 in child support since January 1, 2021.

6. The Petitioner testified that he earned the approximately the same income in 2021 and 2022 as he did in 2023. For purposes of calculating child support, the hearing officer imputed full time minimum wage income to the Petitioner in the amount of $13 per hour for 2021 and 2022 for an imputed gross income of $27,040 per year.



7. The Respondent's 2021 income tax return reflects that she earned gross income in the amount of $78,440 in 2021.

8. The Respondent's 2022 income tax return reflects that she earned gross income in the amount of $35,635 in 2022.

9. For purposes of calculating the Respondent's 2021 child support obligation, the Hearing Officer used $27,040 as the Petitioner's imputed minimum wage annual income and $78,440 as the Respondent's gross annual income.

10. For purposes of calculating the Respondent's 2022 child support obligation, the Hearing Officer used $27,040 as the Petitioner's imputed gross minimum wage income and $35,635 as the Respondent's gross annual income.


IT IS HEREBY ORDERED:

A. Pursuant to 750 ILCS/505 of the Illinois Marriage and Dissolution of Marriage Act, during 2021, the statutory guideline for child support was $899 per month owed by the Respondent to the Petitioner. From January 1, 2021 through December 31, 2021, the Respondent owed a total of $10,788 for baseline child support ($899 per month x 12 months).

B. Pursuant to 750 ILCS/505 of the Illinois Marriage and Dissolution of Marriage Act, during 2022, the statutory guideline for child support was $528 per month owed by the Respondent to the Petitioner. From January 1, 2022 through December 31, 2022, the Respondent owed a total of $6,336.00 for baseline child support ($528 per month x 12 months).

C. Pursuant to the terms of the Uniform Order for Support entered by Judge Barrett on December 28, 2023, from July 2023 through December 31, 2023, the Respondent owed a total of $6,108.00 in retroactive child support for 2023 (see Uniform Order for Support entered by Judge Barrett on December 28, 2023).

D. The total amount owed by the Respondent to the Petitioner for past due and retroactive child support (not including statutory interest) as of April 29, 2024 is $27,304, calculated, as follows:

    i. 2021: $10,788 for baseline child support ($899 per month x 12 months).

    ii. 2022: $6,336 for baseline child support ($528 per month x 12 months).

    iii. 2023: $6,108 (see 12/28/23 Uniform Order for Support)

    iv. 2024: $4,072 ($1,018 per month x 4 months)

     v.    TOTAL: $27,304 owed from 2021 through 2023.

E.  A Uniform Order for Support shall be entered in connection herewith which reflects the terms and payment schedule set forth herein.

F.  The terms of this Order shall not impact any unpaid support that may be due and owing to the Illinois Department of Healthcare and Family Services (IDHFS).

**THIS ORDER IS NOT VALID UNTIL SIGNED BY A JUDGE**

<u>SO RECOMMENDED TO THE COURT this 29th day of April 2024, by Hearing Officer Catherine J. Ryan.</u> **You have a right to request a judicial hearing. If either party does not agree to the recommendations set forth in this Order this case shall be transferred for a judicial hearing.**

Hearing Officer Catherine J. Ryan
Date: April 29, 2024

ENTER:

4/30/24

Judge Bernadette Barrett

APR 3 0 2024

JUDGE     Date

2319

Circuit Court - 2319

EXHIBIT G

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | ORDER FOR SUPPORT | For Court Use Only |
|---|---|---|
| **COUNTY** | ☐ Initial<br>☐ Modification<br>☐ Enforcement | Judge Bernadette Barrett<br><br>APR 30 2024<br><br>Circuit Court - 2319 |

| Instructions ▾ | | |
|---|---|---|
| Directly above, enter the county where you filed this case. | Nasseem Latif<br>**Petitioner** *(First, middle, last name)* | |
| Enter the full name of Petitioner, Respondent, and the case number the Circuit Clerk gave this case. | v. | **IV-D Case Number** |
| Enter the IV-D case number if you know it. | Kimberly Lopez<br>**Respondent** *(First, middle, last name)* | 2011d579053<br>**Case Number** |

| NOTE: | • DO NOT fill out the rest of this form <u>unless</u> the judge tell you complete it.<br>• You MUST BRING the social security numbers of both Petitioner and Respondent to the court hearing. |
|---|---|

**THE COURT FINDS:**

☑ 1.  ☐ Petitioner  ☑ Respondent must pay support.
The person paying support is called "Obligor" in this *Order*. The Obligor is: _____
The person receiving support is called "Obligee" in this *Order*. The Obligee is: _____

☑ 2.  The children covered by this *Order* are:  Bella Lopez Allsot born on 5/4/2011 _____

_____

☐ 3.  The combined gross income  ☐ does  ☐ does not exceed the uppermost levels of the schedule of basic support obligations.

☑ 4.  The net income of Obligor is  $ 4,967.00 _____ per _____ calculated by
☐ the standardized tax amount.
☐ the individualized tax amount.
☐ the agreement of the parties.

☑ 5.  The net income of Obligee is:  $ 2,468.00 _____ per _____ calculated by
☐ the standardized tax amount.
☐ the individualized tax amount.
☐ the agreement of the parties.

☐ 6.  The adjusted net income for Obligor is:  $ _____ per _____ .

☐ 7.  The adjusted net income for Obligee is:  $ _____ per _____ .

☐ 8.  The Basic Combined Support Obligation  $ _____ per _____ .

☐ 9.  Obligor's income is at or below 75% of the Federal Poverty Guidelines for a family of 1 person. Child support is capped at $40 per month per child up to a maximum of $120 per month.

☐ 10.  Obligor receives only means tested assistance or cannot work due to a medically proven disability, incarceration or institutionalization.

☐ 11.  Shared physical care: Each parent exercises 146 or more overnights per year. Basic Child Support Obligation is:  $ _____ per _____ *(multiply amount in paragraph 8 x 1.5)*.

☐ 12.  Split care: Each of the parents has physical care of at least one, but not all of the children.

Enter the Case Number given by the Circuit Clerk: 2011d579053

☑ 13. The amount of child support arrearage is: $ 5,090.00    as of 04/30/2024
       plus an interest amount of:    $ _____       *Date*

☐ 14. The amount of maintenance arrearage is:   $ _____    as of _____
       plus an interest amount of:    $ _____       *Date*

☑ 15. The amount of retroactive child support is: $ 27,304.00   from 01/01/2021   to 12/31/2023
                                                     *Date*        *Date*

☐ 16. The amount of retroactive maintenance is: $ _____   from _____   to _____
                                                       *Date*        *Date*

☐ 17. The amount of child support cannot be stated only in a dollar amount because some or all of the net income of Obligor is uncertain as to source, time of payment, or amount.

**IT IS ORDERED:**

**A. That Obligor will pay:**

☐ 1.   Maintenance    ☐ Yes    ☐ No
     a.   The current maintenance payment is:          $ _____
     b.   The maintenance arrearage/retroactive payment is:   $ _____
     c.   The total maintenance payment is:          $ _____
     d.   Maintenance is to be paid:
         ☐ Once a week    ☐ Once every other week
         ☐ Once a month    ☐ Twice a month on: _____ and _____ .
                                       *Date*        *Date*
     e.   Maintenance payments begin _____ .
                                  *Date*
     f.   This maintenance order ends on: _____ .
                                  *Date*

☑ 2.   Child Support    ☑ Yes    ☐ No
     a.   The current child support payment is:          $ 1,018.00
     b.   The child support arrearage/retroactive payment is:   $ 203.60
     c.   The total child support payment is:          $ 1,221.60
     d.   Child support is to be paid:
         ☐ Once a week    ☐ Once every other week
         ☑ Once a month    ☐ Twice a month on: _____ and _____ .
                                       *Date*        *Date*
     e.   Child support payments begin on: 05/01/2024 .
                                    *Date*
     f.   Obligor must also pay: _____ % of their _____ .
                                               *Type of Additional Income*
        This must be paid as follows: _____
        Obligor must also give   ☐ Obligee and/or   ☐ the Clerk of the Court proof of their
        _____ within 7 days of receiving the income.
        *Type of Additional Income*

☐ 3.   Other Support Orders: _____
              _____
              _____

**B. Payment of Maintenance and Child Support:**

☑ 1.   An *Income Withholding for Support* may immediately be served on Obligor's employer. Until the *Income Withholding for Support* takes effect Obligor is required to pay directly to the State Disbursement Unit.

- Payments by Obligor or the employer must be made payable to: STATE DISBURSEMENT UNIT and sent to: P.O. Box 5400, Carol Stream, IL 60197-5400.
- Payments must include: 1) the case number, 2) the name of the county of the Court issuing this *Order for Support*, and 3) Obligor's name and social security number.
- A new court *Order* is not necessary to serve an *Income Withholding for Support* on any future employer of

☑ 2. Obligor will make payments:

    ☑ Directly to the State Disbursement Unit according to the schedule in Section A. Payments by Obligor must be made payable to the STATE DISBURSEMENT UNIT and sent to: P.O. Box 5400, Carol Stream, IL 60197-5400.

    ☐ Directly to Obligee as the parties have agreed according to the schedule in Section A. If Obligor falls behind in payments, an *Income Withholding for Support* may be prepared and served on Obligor's employer. Obligor will then have to make payments to the State Disbursement Unit as stated in Section B1.

☑ 3. Obligor must also pay a $36 per year child support collection fee. This fee is not maintenance or child support and cannot be subtracted from the support to be paid. This fee must be paid directly to the Circuit Clerk of the county issuing this *Order for Support*.

**C. Payment of Maintenance Only:**

☐ 1. Obligor will make payments

    ☐ Directly to Obligee

    ☐ Directly to the Circuit Clerk of this county

☐ 2. If payments are made to the Circuit Clerk, Obligor must also pay a $36.00 per year support collection fee. This is not maintenance and cannot be subtracted from the support to be paid. This fee must be paid directly to the Circuit Clerk of the county issuing this order.

**D. Delinquency *(maintenance or child support)*:**

☑ 1. Delinquency Payments

If Obligor is delinquent in making a support payment after this *Order for Support* is entered, Obligor must

    a. Continue to make current maintenance and child support payments, **AND**

    b. Pay the sum of:

        $ 203.60      for child support per payment period ordered in Section A2d, **PLUS**

        $ _____ for maintenance per payment period ordered in Section A1d, until the delinquent amount is paid in full.

A maintenance or child support payment, or part of a payment, that is due and remains unpaid for 30 days or more will accrue interest at the rate of 9% each year.

**E. Child Support Termination:**

    1. This child support order ends on: 06/01/2029      unless changed by a written order of the court.
                            *Date*

    2. Unpaid Child Support at Termination

If Obligor owes an arrearage or delinquency on the termination date that is equal to at least one month's support payment, Obligor must continue to make payments. The payment amount must be the same as the amount Obligor was ordered to pay in Section A2a.

**F. Health Insurance:**

☐ 1. Decision Reserved

☐ 2. a. ☐ Obligor ☐ Obligee will provide health insurance for the children by:

        ☐ Enrolling them in health insurance coverage available through their employer.

        ☐ Providing other insurance    ☐ dental    ☐ orthodontic    ☐ vision

            ☐ prescription medication    ☐ other: _____

        ☐ Giving a copy of the insurance policy and the insurance card to the other parent within 45 days

2011d579053

of the date of this *Order*.

    b.  The cost of the insurance will be paid by:

       ☐ Obligor: _____ %    ☐ Obligee: _____ %

      **NOTE:** Health insurance premiums are added to the Basic Support Obligation and then divided pro rata. If Obligor's paying the premium, the amount that is Obligee's responsibility must be subtracted from Obligor's support obligation. If Obligee is paying the premium, Obligor's support obligation shall be increased by Obligor's share of the premium.

    c.  The cost of healthcare expenses not covered by insurance will be paid by:

       ☐ Obligor and Obligee equally

       ☐ Obligor: _____ %    ☐ Obligee: _____ %

**G.  Child Care Expenses:**

☐  1.  Decision Reserved

☐  2.  a.  ☐ Child care expenses are reasonably necessary for ☐ Petitioner ☐ Respondent to be employed, attend educational or vocational training to improve employment opportunities, or to look for work.

       b.  ☐ The cost of child care expenses shall be paid by: ☐ Obligor _____ %

            ☐ Obligee _____ %

       c.  ☐ Payment shall be made directly to: ☐ Obligee ☐ Child care provider

**H.  School and Extra-Curricular Expenses:**

☐  1.  Decision Reserved

☐  2.  a.  ☐ School and extra-curricular expenses covered by this *Order* _____

       b.  ☐ The cost of extra-curricular expenses shall be paid  ☐ Obligor _____ %

            Obligee _____ %

**I.  Other Orders:**

The *Support Information Sheet* filed in this case shall be impounded by the Circuit Clerk in order to protect the confidential information contained in it.

  1.  Notice of Address Change

      Each party must tell the other of any change in address within 5 days of the change.

      This does not apply to the following parties    ☐ Petitioner ☐ Respondent because the physical, mental or emotional health of that party and/or the minor children would be seriously endangered by disclosure of that party's address.

      Obligor must give written notice of any change in home address or mailing address within 7 days of the change to:

      • The Circuit Clerk of the county issuing this *Order for Support*, AND

      • The Illinois Department of Healthcare and Family Services, BUT ONLY if a party is receiving child and spouse services under Article X of the Illinois Public Aid Code.

  2.  Notice of Change to Other Information

      Obligor must give written notice of any change to personal contact information within 7 days of the change, including:

      • New telephone number; AND

      • If Obligor can get health insurance through the employer or other group coverage and if so list: the policy name, the policy number, and the names of persons covered under the policy.

      Obligor must give the written notice to:

      • The Circuit Clerk of the county issuing this *Order for Support*, AND

      • The Illinois Department of Healthcare and Family Services, BUT ONLY if a party is receiving child and spouse services under Article X of the Illinois Public Aid Code.

Enter the Case Number given by the Circuit Clerk: 2011d579053

3.  Notice of Change to Employment
    Obligor must give written notice of any employment change within 7 days of the change, including:
    - If Obligor lost a job, OR
    - If Obligor got a new job, AND
    - The name, address and phone number of a new employer.

    Obligor must give the written notice to:
    - Obligee,
    - The Circuit Clerk of the county issuing this *Order for Support*, AND
    - The Illinois Department of Healthcare and Family Services, BUT ONLY if a party is receiving child and spouse services under Article X of the Illinois Public Aid Code.

4.  Notice of Change to *Support Information Sheet*
    Obligor and Obligee must give written notice of any change to the information on the *Support Information Sheet* filed with this case within 5 days of the change.
    Obligor and Obligee must give the written notice to:
    - The Circuit Clerk of the county issuing this *Order for Support*.

5.  Proof of Continuing Insurance Coverage
    If Obligor has received an adjustment to their support obligation because of the payment of insurance premiums, Obligor must annually submit proof of continuing insurance coverage of the children to the Division of Child Support Enforcement of the Department of Human Services and to Obligee.

**J.  Additional Conditions or Findings:**

☐  1.  The child support payment amount is different than the amount required by child support guidelines because:

    a.  ☐  extraordinary medical expenditures necessary to preserve the life or health of a party or a child of either or both of the parties.

    b.  ☐  additional expenses incurred for a child covered by this support order who has special medical, physical or developmental needs.

    c.  ☐  the amount required by child support guidelines is:  $ _____

    d.  ☐  Other: _____

_____

☐  2.  ☐  Other: _____

_____

_____

_____

☐  3.  A child support calculation prepared by using the Illinois Department of Healthcare and Family Services estimator is attached:  ☐ Yes  ☐ No

☐  4.  The child support calculation was prepared by  ☐ Petitioner  ☐ Respondent  ☐ Judge

**K.  Other:** _____

_____  Judge Bernadette Barrett

APR 3 0 2024

ENTERED:

Circuit Court = 2319

2319

| DO NOT complete this section. The judge will complete it. |

Judge

04/30/2024
Date

**A JUDGE CAN FIND YOU IN CONTEMPT OF COURT IF YOU FAIL TO OBEY ANY PART OF THIS *ORDER*.**

EXHIBIT H





FILED
JAN 1 3 2025

MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL.

CLERK'S OFFICE
APPELLATE COURT FIRST DISTRICT
STATE OF ILLINOIS
160 NORTH LASALLE STREET, RM S1400
CHICAGO, ILLINOIS 60601

STATE OF ILLINOIS, FIRST DISTRICT APPELLATE COURT MANDATE

Panel:   Honorable Michael B. Hyman
         Honorable Sharon Oden Johnson
         Honorable Sanjay T. Tailor

BE IT REMEMBERED, that on 25th day of July, 2024 the final judgment of said Appellate Court was entered of record as follows:

IN RE THE PARENTAGE OF B. L.-A.     General No: 1-23-2178
                                    County/Agency: Cook County
NASEEM LATIF,                       Trial Court/Agency Case No.: 11D579053
    Petitioner-Appellee,
    v.
KIMBERLY SUE LOPEZ,
    Defendant-Appellant.

In accordance with Supreme Court Rule 368, this Mandate is issued. As Clerk of the Appellate Court and keeper of the records, files and Seal thereof, I certify that the foregoing is a true statement of the final Order of said Appellate Court in the above cause of record in my office. Pursuant to Supreme Court Rule 369, the clerk of the circuit court shall file the Mandate promptly.



IN WITNESS WHEREOF, I hereunto set my hand and affix the Seal of the Illinois Appellate Court this 5th day of September, 2024.

Clerk of the Appellate Court



CLERK'S OFFICE
**APPELLATE COURT FIRST DISTRICT**
STATE OF ILLINOIS
160 NORTH LASALLE STREET, RM S1400
CHICAGO, ILLINOIS 60601



September 5, 2024

Honorable Iris Y. Martinez
Richard J. Daley Center
Room 1001
Chicago, IL 60602

RE: NASEEM LATIF v. KIMBERLY SUE LOPEZ
General No.: 1-23-2178
County: Cook County
Trial Court No: 11D579053

Dear Honorable Martinez:

Attached is the Mandate of the Appellate Court in the above entitled cause.

We are sending the attorneys of record a copy of this letter to inform them that the mandate of
the Appellate Court has been filed with you.



Thomas D. Palella
Clerk of the Appellate Court

c: Kimberly Lopez

1-23-2178

## IN THE APPELLATE COURT, STATE OF ILLINOIS
### FIRST DISTRICT

NASEEM LATIF,                              )
                                           )
     Plaintiff-Appellee              )
                                           )   Trial Court No.: 11 D 579053
   v.                                  )
                                           )
KIMBERLY SUE LOPEZ,                        )
                                           )
     Defendant-Appellant.            )
                                           )
                                           )

## O R D E R

On the Court's own motion, the Court finding that the appellant failed to file the Record on Appeal by the January 3, 2024 due date pursuant to Supreme Court Rule 326;

**IT IS HEREBY ORDERED** that this case is DISMISSED FOR WANT OF PROSECUTION. Any request to reconsider this Order must be filed as a Petition for Rehearing within 21 days, as provided by Illinois Supreme Court Rule 367(a).

Enter:

**ORDER ENTERED**

JUL 2 5 2024

**APPELLATE COURT FIRST DISTRICT**

*Sharon Oden Johnson*
Justice

*Michael B. Hyman*
Justice

*Sanjay Tailor*
Justice